## PARÉS, APELANTE, *v.* RUIZ, APELADO.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 941.—Resuelto en abril 3, 1913.

PERSECUCIÓN MALICIOSA—ELEMENTOS ESENCIALES DE LA ACCIÓN.—En esta clase de acciones los elementos esenciales son cuatro: 1. Que el demandante ha sido demandado o denunciado por el demandado. 2. Que la acción terminó con éxito favorable al demandante. 3. Que la acción fué iniciada maliciosamente y sin causa probable. 4. Que el demandante sufrió daños causados por dicha acción.

ID.—DENUNCIA PRESENTADA POR UN JEFE DE POLICÍA Y NO POR EL DEMANDANTE.— Cuando, como en el caso de autos, se prueba que el demandante fué denunciado por un Jefe de Distrito de Policía y que el demandado sólo cumplió con su deber declarando como testigo de cargo en la investigación de la denuncia, es necesario concluir que no existe el elemento esencial de que el demandante ha sido denunciado por el demandado.

ID.—DENUNCIA CRIMINAL ARCHIVADA POR EL FISCAL—ROBO DE UN CABALLO.—Para que pueda prosperar una acción de persecución maliciosa fundada en una denuncia criminal, es necesario alegar en la demanda hechos tendentes a demostrar que la acción criminal terminó favorablemente para el demandante y que éste fué declarado inocente. El desistir un Fiscal de continuar una acción criminal es algunas veces insuficiente para los efectos de esta clase de acciones.

ID.—CAUSA PROBABLE—MALICIA.—En casos de persecución maliciosa el demandante debe alegar y probar la falta de causa probable por parte del demandado para acusar o demandar al demandante y la existencia de malicia en cuanto a los hechos en contraposición a la malicia en cuanto a la ley.

ID.—CAUSA PROBABLE—COMISIÓN DE UN DELITO—CREENCIA DEL DENUNCIANTE.— La existencia de causa probable no depende de la comisión del delito, ni de la culpabilidad o inocencia del acusado, sino de la creencia por parte del denunciante de la veracidad de los cargos formulados por él. Para esto es suficiente que las circunstancias sean tales que produzcan en la mente de una persona de juicio razonable la creencia de que la denuncia que formula es verdadera.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un caso en el cual se ha presentado una demanda de $5,000 por daños y perjuicios con motivo de una perse-

cución maliciosa que se originó por virtud de una denuncia que se presentó contra el demandante por hurto de un caballo.

Los hechos, según han sido tomados de los autos, son más o menos los siguientes: Allá por el 25 de diciembre de 1909, desapareció de la finca donde se encontraba pastando en el barrio de Caonillas, de Utuado, un caballo en poder de Benito Ruiz y perteneciente a un hijo de éste. De cuyo hecho y señas del caballo dió cuenta el señor Ruiz al cuartel general de la policía en Utuado, expidiéndose por la policía las requisitorias correspondientes para la busca de dicho caballo. El 12 de julio de 1910, fué notificado Benito Ruiz por el Jefe de Distrito de Maricao para que se presentara en dicho pueblo a reconocer el caballo desaparecido, trasladándose Ruiz a Maricao y llevando a Telesforo Quiñones, herrero, muy conocedor del caballo desaparecido, y a su hijo, Pelayo Ruiz, para que le auxiliaran en el reconocimiento del caballo. Una vez en Maricao, Telesforo Quiñones, acompañado por el policía, reconoció un caballo que se hallaba en la finca de Don Adolfo Hau, como el mismo que había desaparecido de Utuado, siendo a la vez identificado el caballo en este estado de la investigación por Pelayo Ruiz y Benito Ruiz, y posteriormente por Sinforoso Serrano, Venancio González y Ramón González, siendo las señas de dicho caballo ocupado, iguales a las consignadas en la requisitoria, según el policía Feliciano, y quedando el animal depositado por la policía. El Jefe de Distrito de Maricao, José García Torres, presentó a la corte de paz de dicho pueblo, con fecha 13 de julio de 1910, una denuncia jurada ante el juez de la misma contra Enrique Cerezo y Feliciano Parés por hurto mayor, consignando en ella el hecho de la sustracción del caballo en Utuado, las señas del animal de acuerdo con la requisitoria, su ocupación en poder del señor Hau, la circunstancia de haberle sido vendido a éste por Cerezo y Parés en un vendí en forma dudosa, y la de ser dicho caballo perteneciente a José Vicente Ruiz, así como la de haberse acreditado esta propiedad con los testigos de reconocimiento a que antes hemos hecho re-

ferencia. El mismo día dictó el juez de paz mandamiento de arresto en virtud de la expresada denuncia y de las declaraciones ante él juradas y suscritas en el curso de la investigación por los testigos Pelayo Ruiz, Telesforo Quiñones y Benito Ruiz. El demandante fué arrestado y puesto en libertad bajo fianza de $500, mientras se celebraba el juicio. Terminadas las diligencias preliminares fué enviado el caso por el juez de paz al Fiscal de la Corte de Distrito de Arecibo, cuyo funcionario continuó la investigación, dictando en 11 de agosto de 1910, un auto de sobreseimiento de la misma ordenando la entrega del caballo a Don Adolfo Hau y reservando a José Vicente Ruiz su derecho para ejercitarla en la vía civil. El Fiscal fundó su desistimiento o *nolle prosequi* en no haber causa suficiente para poder acusar a determinada persona en la expresada investigación. Parece que el Fiscal no estaba satisfecho de que el animal hubiera sido suficientemente identificado.

En 10 de julio de 1911, Feliciano Parés presentó una demanda contra Benito Ruiz en reclamación de una suma de $5,000 en concepto de indemnización por daños y perjuicios, por haberle acusado el día 13 de julio de 1910, maliciosamente y sin causa probable ante el juez de paz de Maricao, de un delito de hurto de un caballo de Vicente Ruiz y en poder de Benito Ruiz, quien procuró, ayudó e hizo que se librara por el citado juez de paz un mandamiento de arresto contra el demandante Parés que fué arrestado y puesto en libertad el mismo día bajo fianza de $500 que prestó, siguiéndosele proceso criminal que fué sobreseído por el Fiscal de la Corte de Distrito de Arecibo.

El demandado negó los hechos contenidos en la demanda y alegó como defensa no haber presentado la denuncia de autos, ni ninguna otra contra el demandante.

Ambas partes presentaron sus pruebas, tanto oral como documental, y después de un juicio en forma ordinaria, la corte dictó su sentencia expresando que la ley y los hechos están en contra del demandante, desestimando la demanda en

todas sus partes con costas a favor del demandado. Esta sentencia fué dictada el día 17 de junio de 1912, contra la cual se interpuso debidamente apelación que fué perfeccionada para ante este tribunal. La vista del caso tuvo lugar ante esta corte el día 4 de los corrientes, habiendo quedado el mismo sometido a nuestra consideración.

La acción denominada persecución maliciosa surge *ex delictu* y se ejercita para la reclamación de daños y perjuicios, a la persona, propiedad o reputación,-que han ocurrido como consecuencia inmediata de una acción civil o criminal que ha sido establecida anteriormente, que se inició o siguió con malicia y sin causa probable, y terminó sin resultado alguno. Esto es lo que constituye un daño o perjuicio. La característica de la acción es que al demandante se le ha sometido indebidamente a un proceso de ley que le ha ocasionado perjuicio. 26 Cyc. 6. *Herbener* v. *Crossan* (Del.) 55 Atl. Rep., 228; *Stone* v. *Crocker*, 24 Pick. (Mass.), 84.

Este es el primer caso de esta naturaleza que ha sido oído ante este tribunal y desde luego no existen precedentes en nuestras decisiones que de modo directo se refieran a esta cuestión. Sin embargo, toda la cuestión general referente a daños y perjuicios provenientes de culpa o negligencia (*torts*) ha sido considerada repetidas veces por este tribunal en varios casos, y el Capítulo II del Título XVI de nuestro Código Civil, que comprende las secciones 1803 a la 1811, inclusives, expresa la ley sustantiva sobre la materia. Hemos discutido las cuestiones relativas a daños y perjuicios provenientes de culpa o negligencia. (*torts*) en los casos de *Pérez* v. *Yabucoa Sugar Company.*, 15 D. P. R., 214; *Vargas* v. *Monroig*, 15 D. P. R., 27; *Zalduondo* v. *Sánchez*, 15 D. P. R., 231; *Díaz* v. *San Juan Light and Transit Company*, 17 D. P. R., 69. En estas opiniones han sido citados muchos casos americanos que sirven de ejemplo para explicar la cuestión general y muestran que los principios legales que regulan la materia referente a daños y perjuicios provenientes de culpa

o negligencia (*torts*) son sustancialmente idénticos en los sistemas de jurisprudencia española y americana.

No seguiremos los señalamientos de error que han sido expresados por el abogado del apelante en su alegato. Los que hacen referencia a la prueba resultan no ser esenciales en vista de las conclusiones a que hemos llegado con respecto a las cuestiones fundamentales que sirven de base al caso de autos.

En las acciones por persecución maliciosa, cuatro son los elementos esenciales que deben alegarse y probarse, a saber:

1. Que el demandante ha sido denunciado por el demandado.

2. Que las causa terminó de modo favorable para el demandante.

3. Que fué seguida maliciosamente y sin que existiera causa probable.

4. Que el demandante sufrió daños y perjuicios como consecuencia de ello. Field on Damages, artículo 686, pág. 544; 26 Cyc., 8; *Breneman* v. *West,* 21 Tex. Civ. App., 21, 50 S. W. Rep., 471; *Collins* v. *Campbell,* 18 R. I. 738, 31 Atl. Rep. 832. Examinemos, pues, a la luz de los principios y doctrinas legales establecidos, los hechos del presente caso con el fin de determinar si los elementos que constituyen una persecución maliciosa existen o nó en el mismo.

1. ¿Ha sido el demandante acusado por el demandado? El demandante alega en el párrafo primero de su demanda que el demandado Benito Ruiz maliciosamente y sin causa probable, ni motivos razonables ni justificados, lo acusó ante el juez de paz de Maricao de un delito grave de hurto de mayor cuantía, procurando y ayudando a que se librara un mandamiento de arresto por el referido juez de paz contra el demandante. Esta alegación no está sostenida por la prueba que ha sido presentada ante este tribunal, la que muestra por el contrario que los sucesos ocurrieron en una forma enteramente distinta de la que había sido alegada. En primer término encontramos que la acusación original o denuncia

formulada contra el demandante fué presentada al juez de
paz de Maricao por el jefe de la policía residente en aquel
pueblo que la firmó y juró ante un funcionario debidamente
autorizado. El nombre de Benito Ruiz ni siquiera aparecía
en el cuerpo de la denuncia. Aparece solamente relacionado
con otros testigos de la acusación a que se hace referencia
al final de dicha denuncia. No existe la más ligera prueba
que demuestre o siquiera indique algún acto por parte del
demandado Ruiz por virtud del cual tratara de inducir, in-
fluir o incitar al juez de paz de Maricao a decretar el arresto
del demandante. El hecho de que Ruiz declarara como testigo,
no puede ser considerado como constitutivo de tal acto si
se examina debidamente la cuestión, puesto que al prestar
dicha declaración, no solamente cumplió con un deber que la
ley le imponía, sino que también ayudó a la administración
de justicia en la investigación de un caso que estaba pendiente
y que había sido iniciado por virtud de una denuncia anterior-
mente presentada por un oficial de la policía. Además, la
imputación que se hace al demandado en este caso resulta
aun menos justificada si tomamos en consideración la parte
esencial de la declaración del propio Benito Ruiz, quien se
limita a declarar con respecto a la desaparición del caballo de
su finca en Utuado, a describir el animal y manifestar el
conocimiento que tuvo por medio del policía de que el caballo
había sido hallado en Maricao, lo que dió lugar a que hiciera
un viaje a aquel pueblo en donde encontró el caballo en po-
sesión del señor Hau. En su declaración no hace la más
mínima acusación contra nadie por el robo del caballo, limi-
tándose a manifestar, según los informes que tenía, lo que
había oído decir al señor Hau que lo contenido en el vendí,
o sea la venta del caballo que se hizo al señor Hau por
Cerezo' y Parés, cuyas últimas personas eran completamente
desconocidas para él. En todos los actos realizados por el
demandado Ruiz durante el curso de los procedimientos desde
el momento de la desaparición del caballo de su finca en
Utuado hasta la fecha en que el Fiscal retiró le denuncia,

no encontramos que dicho demandado hubiera tomado acción
alguna, ya directa o indirectamente, solicitando el arresto del
demandante o que se le siguiera una causa. Por tanto, no
podemos resolver que se haya probado la existencia del primer
requisito en esta acción por persecución maliciosa. Resulta,
pues, que el demandado no fué quien denunció al demandante
ni ejecutó acto alguno por el cual pudiera considerársele
como tal.

2. ¿Terminó la causa favorablemente para el demandante?
En el párrafo tercero de la demanda se hace referencia al so-
breseimiento de la causa hecha por el Fiscal de Arecibo que
registró una orden de desistimiento *nolle prosequi*. El funda-
mento del Fiscal para solicitar este desistimiento estriba en
la falta de la debida identificación del caballo que se encontró
en poder del señor Hau con aquel que había sido robado o
echado de menos; siendo el Fiscal de opinión de que no había
motivo suficiente para acusar a ninguna persona determinada
por el robo de dicho animal y por estimar que la cuestión
relativa a la propiedad tenía que ser resuelta con anteriori-
dad a la determinación de la responsabilidad criminal. En
acciones por persecución maliciosa originadas con motivo de
procedimientos judiciales por las que se imputan delitos, la
demanda debe determinar hechos que demuestren que la ac-
ción maliciosa a que se ha hecho referencia ha terminado
favorablemente para el demandante; y una acción seguida
por persecución maliciosa no puede ser declarada con lugar
hasta que el demandante ha sido absuelto, o hasta tanto la
causa ha resultado en definitiva favorable para él. La reso-
lución del Fiscal de no llevar el caso a juicio por la razón de
que no cree o considera que la denuncia está enteramente
sostenida por la prueba, algunas veces es suficiente. 26 Cyc.,
60. Pero concediendo al apelante el beneficio de la duda en
cuanto a este particular, aun así no hubiera probado su caso
por carecer la acción de otros elementos esenciales.

3. Llegamos ahora al tercer requisito necesario en ac-
ciones por persecución maliciosa. Para que el demandante

pueda eficazmente ejercitar su acción, deberá expresar y probar la falta de causa probable por parte del demandado al presentar la acusación o denuncia, así como también de que existe malicia o sea la malicia en cuanto a los hechos en contraposición con la malicia legal. Y hasta debemos considerar como cuestión principal la falta de causa probable, en acciones como la presente, como se establece en el caso de *Grant* v. *Moore,* 29 Cal., 644, así como en el de *Ball* v. *Rawles,* 93 Cal., 222, en los que se expresa que aunque pueda existir malicia en la causa, el demandado no es responsable civilmente por daños y perjuicios, a menos que aparezca también una falta de causa probable en la denuncia presentada por él. Véase *Pierce* v. *Doolittle,* 130 Iowa, 337. En el caso de *Potter* v. *Seale,* 8 Cal., 218, y *Smith* v. *Liverpool etc. Insurance Company,* 107 Cal., 432, se define la causa probable como una sospecha fundada en circunstancias bastantes poderosas para justificar la creencia que tiene una persona razonable de que la acusación es cierta. Véase también *Harkrader* v. *Moore,* 44 Cal., 144. Estos elementos son esenciales para que la acción de daños y perjuicios pueda tener un resultado eficaz, y deberán quedar establecidos que existían tanto al hacer, como después de presentar la denuncia.

Y de todo lo que aparece en los autos, las manifestaciones hechas por el demandado al declarar como testigo, constituyen el único fundamento en el que basa el demandante su imputación de malicia o falta de causa probable por parte del demandado, para acusarle de haber hecho que el juez de paz expidiera un mandamiento de prisión para el arresto del demandante. En todo este asunto no aparece que Ruiz haya tenido sospechas sobre ninguna persona o que se asociara a la policía para perseguir a determinada persona, habiéndose limitado solamente a tomar aquellas medidas que fueron justas y razonables, o sea aquellas que hubiera tomado cualquier persona que sufre una pérdida semejante, a saber: haber notificado a la policía de Utuado del hecho de haberse desaparecido el caballo, dándole las señas del animal que se le

había perdido y salir para Maricao con motivo de un tele-
grama que se recibió del jefe de la policía en el que le
notificaba que había encontrado el caballo y era necesaria
su presencia para reconocerlo, lo que hizo al llegar a Maricao,
habiendo declarado allí lo que fué necesario en los procedi-
mientos que se seguían.   La policía, en cumplimiento de su
deber, se hizo cargo del caballo que Hau había comprado a
Cerezo y Parés, cuyas señas coincidían con las del animal
perteneciente a Ruiz, según se indicaban en el mandamiento
expedido en el cuartel de la policía.   Desde este momento, el
caso siguió el mismo curso sin que el demandado Ruiz hu-
biera tenido ninguna intervención sino como mero testigo.
Ya hemos tenido oportunidad de considerar la declaración
prestada por el demandado Ruiz en la investigación y de ella
puede llegarse fácilmente a la conclusión razonable de que
la indicada declaración no estaba inspirada en manera alguna
en un fin malicioso, sino que por el contrario, solamente hacía
referencia a ciertos hechos que habían ocurrido con respecto
a un animal extraviado sin que se hiciera manifestación al-
guna de donde pudiera deducirse alguna sospecha o referencia
a determinada persona en particular.   La malicia, según su
significación legal, significa un acto dañoso ejecutado inten-
cionalmente sin justa causa o excusa.   *Maynard* v. *F. F. In-
surance Company,* 34 Cal., 53; *Lyon* v. *Hancock,* 35 Cal., 376.
Ley de Evidencia de Puerto Rico, artículo 101.   Código Penal
de Puerto Rico, artículo 559, párrafo 4; Estatutos Revisados,
p. 615.   Los hechos, según han ocurrido en el presente caso,
y las circunstancias que los rodean, demuestran claramente
una falta absoluta de malicia por parte del demandado;
siendo dicha malicia un elemento esencial en una acción que
se establezca por persecución maliciosa, según se ha resuelto
en el caso de *Smith* v. *Liverpool etc. Insurance Company,* 107
Cal., 432, y otros.   La cuestión relativa a la causa probable
no depende de que se haya cometido un delito, o en la ver-
dadera culpabilidad o inocencia de la persona a quien se
acusa, sino en la creencia del denunciante en la verdad de la

imputación hecha por él.  Si se presentan motivos suficientes para producir en el ánimo de una persona razonable la creencia de que la imputación que le hace es verdadera, esto es suficiente.  Este principio está sostenido por las resoluciones de la corte de Nueva York en los casos de *Farnam* v. *Feeley,* 56 N. Y. App., 451; y *Carl* v. *Ayers,* 53 N. Y. App., 14, y autoridades citadas en los mismos.  Véase también el caso de *De Courcey* v. *Cox,* 94 Cal., 667.

4. Pasemos ahora a considerar el cuarto y último elemento en acciones como la presente.  ¿Ha sufrido el demandante algún daño o perjuicio procedente del demandado?  Constando de toda la prueba que ha sido presentada que los daños y perjuicios que han sido alegados carecen de toda base para ser reclamados, es imposible estimar su cuantía; sin embargo, en el presente caso señalaremos el hecho de que dichos daños y perjuicios no han sido probados, habiéndoseles hecho depender del estado de ánimo de otras personas, en relación con el demandante, lo que indica que los daños son eventuales y no reales, además de lo cual la demanda no determina daños específicos.  Y además, si el demandante hubiera podido demostrar que sufrió daños y perjuicios, él ha dejado por completo de relacionar en forma adecuada al demandado Ruiz con la causa de los mismos.  Por consiguiente, falta el cuarto y último elemento para que pueda sostenerse eficazmente esta reclamación por persecución maliciosa.

Se observará que hemos citado cuatro requisitos indispensables que deben concurrir con el fin de llegar a un resultado eficaz en una acción por persecución maliciosa.  Si falta alguno de los mismos, el resultado es fatal para el demandante.  Pero en el presente caso ni siquiera uno de dichos requisitos se ha demostrado.

Por las razones expresadas y por otras que pudieran alegarse si fuere necesario, la sentencia de la corte inferior debe ser confirmada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.