TORRES, DEMANDANTE Y APELANTE, *v.* RAMÍREZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre persecución maliciosa.

No. 1515.—Resuelto en marzo 5, 1917.

PERSECUCIÓN MALICIOSA—FALTA DE CAUSA PROBABLE—CONSEJO DE ABOGADO.—
En acciones por persecución maliciosa uno de los requisitos esenciales es la falta de causa probable, y es porque la ley proteje a un hombre contra una acción por persecución maliciosa si antes de denunciar a otro hace una relación completa y razonable de todos los hechos a un abogado que está en el ejercicio activo de su profesión y es de buena reputación y dicho abogado de buena fe informa al cliente que tiene motivos para arrestar a la persona que le ofende.

ID.—MAL CONSEJO DE ABOGADO—FALTA DE INTENCIÓN CRIMINAL—DEMANDADO PROTEGIDO POR MAL CONSEJO.—Sostenida disputa por las partes respecto a la propiedad de cierto terreno y alegando el demandante que era suyo tumbó cocos de las palmas que se encontraban en él, dedicándolos a su propio uso. El demandado, creyendo de buena fe que el demandante había cogido los cocos en desatención de sus derechos de propiedad y del aviso que aquél tenía, consultó el caso con su abogado y tomando la consulta como base denunció por hurto al demandante obteniendo su arresto. *Se resolvió:* que aun cuando

el arresto fué inusitado y extraordinario, por cuanto existía disputa respecto a la propiedad del terreno y el abogado debía saber la falta de intención criminal que había en el caso y la imposibilidad de poder obtenerse una condena, el demandado estuvo protegido por el mal consejo de su abogado, sin que pueda beneficiar al demandante el hecho de que el demandado, declarando como testigo del demandante, admitiera que tenía formada buena opinión de él y que aún antes del arresto no lo había considerado como ladrón sino como un temerario, pues el demandado no estaba obligado a comunicar a su abogado esa impresión, sino solamente todos los hechos esenciales que le eran conocidos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Martínez Dávila* y *Pedro Gómez Lasserre.*

Abogados del apelado: *Sres. Francis & Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la corte inferior declaró probado que el apelante como demandante en una acción por persecución maliciosa no probó sino uno solo de los requisitos esenciales de su acción. Creemos que dejó de probar principalmente uno de dichos requisitos, a saber, la falta de causa probable y es porque la ley protege a un hombre contra una acción por persecución maliciosa si antes de denunciar a otro hace una relación completa y razonable de todos los hechos a un abogado que está en el ejercicio activo de su profesión y es de buena reputación y dicho abogado de buena fe informa al cliente que tiene motivos para arrestar a la persona que le ofende. Creemos que en este caso el abogado estuvo muy poco justificado en aconsejar a su cliente que procediera en el asunto, pero no podemos decir después de la decisión de la corte inferior, que el demandado no ha refutado y destruído la prueba del demandante y apelante tendente a demostrar la falta de causa probable.

Las partes sostenían una disputa respecto a la propiedad de una finca y alegando el demandante que era suya tumbó cocos de las palmas que se encontraban en el terreno disputado dedicándolos a su propio uso. El demandado consultó con su abogado y hubo prueba tendente a mostrar que tomándose esta

consulta como base fué arrestado el demandante a instancias del demandado y acusado de un delito de hurto. No puede haber duda de que él hizo un relato completo de los hechos a su abogado, pues además de la comunicación que hizo el cliente, la prueba demostró que el mismo abogado intervino en algunas de las diligencias necesarias en la controversia, especialmente en la relativa de las colindancias de las fincas. El abogado declaró además en la silla testifical, que como dijo su cliente primeramente el demandante había reclamado la propiedad pero en fecha posterior había admitido que existía cierta línea a la que se extendía su terreno. Resulta claro de la prueba que las palmas de cocos se encontraban al otro lado de la línea, separadas de la propiedad del demandante acerca de la cual no había controversia, aunque desde luego no expresamos opinión respecto a quién pertenecía la propiedad en cuestión. No importa, en realidad de verdad, si dicha propiedad pertenecía al demandante o al demandado. El demandado creyó de buena fe y alegó que la finca disputada le pertenecía y el demandante confió en él haciéndolo testigo suyo. Bajo estas circunstancias el hecho de que el demandado admitiera en la silla de testigo que tenía formada buena opinión del demandante y que aun antes del arresto no lo había considerado como ladrón sino un temerario, no puede beneficiar al apelante. No podemos llegar hasta sostener que el cliente estaba obligado a comunicar la impresión que tenía de que no consideraba a Torres como ladrón, sino solamente todos los hechos esenciales que le eran conocidos. Debe presumirse que el abogado sabía que Ramírez no consideraba a Torres como ladrón según la significación corriente de esa palabra. Ramírez creyó que Torres cogía los cocos en desatención de los derechos y del aviso de Ramírez, en cuya creencia estuvo sostenido por su abogado. Es la cosa más inusitada y extraordinaria el arrestar a un hombre por hurto cuando existe una disputa sobre colindancias y todo abogado debe saber la falta de intención criminal que hay en semejante caso y la imposibilidad de poder obtenerse una condena, pero el

·cliente está protegido por el mal consejo de su abogado y ·debe ser confirmada la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso- ·ciados del Toro, Aldrey y Hutchison.