MARIANI, DEMANDANTE Y APELANTE *v.* PORTO RICO EXPRESS COMPANY, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios por persecución maliciosa.

No. 1640.—Resuelto en julio 20, 1917.

PERSECUCIÓN MALICIOSA—CONSEJO DE ABOGADO.—La ley protege a una persona contra una acción civil por persecución maliciosa si antes de denunciar a

otra hace una relación completa y razonable de todos los hechos a un abogado que está en el ejercicio activo de su profesión y es de buena reputación, y dicho abogado de buena fe informa al cliente que tiene motivos para hacer arrestar a la persona que lo ha ofendido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carmelo Honoré.*

Abogados del apelado: *Sres. Texidor y Martínez Alvarez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este es un caso de daños y perjuicios por persecución maliciosa. El demandante era empleado de la demandada. Desempeñaba el cargo de mensajero abordo del tren No. 3 de la American Railroad Company y tenía la misión de atender a la conducción de los efectos y mercancías encargados a la demandada. Cierta máquina de escribir que se dice entregada al acusado como tal empleado de la demandada, no llegó a su destino. Se practicaron investigaciones y no pudo encontrarse, y entonces la demandada, actuando según el demandante, sin causa probable y con intención maliciosa, y según ella con causa suficiente y después de haber consultado a su abogado, denunció al demandante como autor de un delito de abuso de confianza. Por virtud de la denuncia se le arrestó; luego fué acusado por el Fiscal, y finalmente juzgado por un jurado, que rindió un veredicto de nò culpable, y absuelto por la corte.

Celebrada la vista, la corte dictó sentencia declarando sin lugar la demanda, con las costas a cargo del demandante.

En su opinión, la corte sentenciadora se expresó así:

"A juicio nuestro mediaron circunstancias en este caso que pudieron inducir a la corporación demandada a creer de buena fe en la culpabilidad del demandante. De la prueba practicada resulta que la corporación demandada, por medio de su representante y superintendente consultó el caso, exponiéndolo en su totalidad a su abogado Sr. Texidor, quien entendió que se trataba de un abuso de confianza del que era culpable Mariani y que procedía hacer la denuncia. Esta denuncia se llevó a cabo y el Fiscal formuló acusación y llevó el caso a juicio, saliendo absuelto el demandante. Es

una regla generalmente establecida que en acciones por persecución maliciosa el demandado puede establecer una defensa completa de causa probable demostrando que sometió a su abogado una relación de los hechos con respecto a la culpabilidad del acusado y que de buena fe recibió instrucciones para establecer la querella, la que formuló después de acuerdo con dichas instrucciones. 26 Cyc. 31; *Sandell,* v. *Sherman,* 107 Cal. 391; *Jones* v. *Jones,* 71 Cal. 89; *Levy* v. *Brannan,* 39 Cal. 485; *Johnson* v. *Miller,* 69 Iowa 562.

"Hemos examinado detenidamente toda la prueba practicada y entendemos que en este caso no debe dictarse una sentencia en contra de la parte demandada, porque no se ha *probado* por el demandante la malicia y la falta de causa probable."

Hemos examinado las alegaciones y las pruebas y encontramos justificadas las conclusiones del tribunal sentenciador. En tal virtud y vista la jurisprudencia establecida por esta misma Corte Suprema en el caso de *Torres* v. *Ramírez,* 24 D. P. R. 876, debe declararse sin lugar el recurso.

La jurisprudencia sentada en el caso de *Torres* v. *Ramírez, supra,* y que ahora se ratifica, es como sigue:

"La ley protege a una persona contra una acción por persecución maliciosa si antes de denunciar a otra hace una relación completa y razonable de todos los hechos a un abogado que está en el ejercicio activo de su profesión y es de buena reputación, y dicho abogado de buena fe informa al cliente que tiene motivos para hacer arrestar a la persona que le ha ofendido."

Y la prueba con respecto a la consulta resulta de las declaraciones de William J. Salvá, superintendente de la compañía demandada, y del mismo abogado Sr. Texidor, así:

*William J. Salvá.* * * * "Que con los datos obtenidos por el inspector, Sr. Busquets, y la policía, se presentó el caso al abogado de la compañía Sr. Texidor y éste creyó que podía denunciar al Sr. Mariani, y así lo hizo * * *. Que consultó con el abogado de la compañía Sr. Texidor después de resumir todos los datos, y se les expuso todos, y el abogado creyó que el caso era de denunciar a Mariani."

*Jacinto Texidor.* "Que es abogado en ejercicio en Puerto Rico desde el año 1894, sin que jamás haya sido objeto de corrección alguna por las cortes; que es abogado de la Puerto Rico Express

Company hace tres o cuatro años; que en este caso el Sr. Salvá por dicha compañía le consultó, y le expuso todos los antecedentes, y los documentos, manifiesto firmado por Mariani, cartas de éste, contestaciones del mismo, investigaciones y resultado de las mismas, y adquirió la creencia honrada y firme de que Mariani se había apropiado la maquinilla o había dejado que otro se la apropiara por él; que aconsejó la denuncia para que se castigara al culpable. * * *. Que en su conciencia creyó y sigue creyendo que Ramón Mariani actuó de una manera, no como era su deber sino con motivos bastantes para sospechar que él era el autor de la sustracción toda vez que ni siquiera notificaba la pérdida; que por su experiencia sabe que los mensajeros del exprés cuando pierden un bulto y el manifiesto no concuerda con el número de bultos que entregan, notifican desde la estación próxima por teléfono la pérdida ocurrida.''

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino.