José Mariano Boyer, demandante y apelado, *v.* El Concejo de Administración de Guayama, demandado y apelante.

No. 3249.—*Visto:* Mayo 21, 1924.   *Resuelto:* Marzo 6, 1925.

1. Alegaciones—Alegación o Contestación—Oposiciones o Negaciones y Admisiones.—Cuando un párrafo de una petición (demanda) contiene más de una alegación de hecho, cada alegación deberá ser negada separadamente, y la negación del párrafo en conjunto no es suficiente.
2. Derecho Constitucional.—Cualquier ciudadano tiene el derecho e interés suficiente para atacar la constitucionalidad de una ordenanza que obstaculiza la competencia y venta de carnes frescas.
3. Corporaciones Municipales— Ordenanzas y Reglamentos— Validez. — Una ordenanza municipal que obstaculiza la competencia y venta de carne fresca es anticonstitucional.
4. Corporaciones Municipales—Poder General de Policía y Reglamentos.— En tiempos normales la Legislatura no tiene el derecho de regular el precio de un artículo de comercio y el municipio no puede reclamar tal derecho por delegación.

Sentencia de *Gabriel Castejón,* J. (Guayama), declarando nulas y sin valor legal las ordenanzas aprobadas por el Concejo de Administración de Guayama, P. R., en 25 de enero y 12 de julio de 1921, estableciendo un sistema de subasta y regulando el precio de las carnes frescas, con imposición de costas.   *Confirmada.*

*Balívar Pagán,* abogado del apelante; *Manuel A. Martínez Dávila,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En observancia de la sentencia y opinión de esta corte

en el caso de *El Pueblo* v. *Correa,* 31 D. P. R. 531, la Corte de Distrito de Guayama declaró nula y anticonstitucional una ordenanza de la ciudad de Guayama que pretendía impedir el ejercicio libre del oficio de carnicero, tratando indebidamente, como se alegó, de regular la matanza y venta de carnes frescas.

En el caso de *Correa* la cuestión fué levantada por apelación contra la sentencia condenatoria. Aquí el apelado radicó una petición jurada de *certiorari* por virtud del artículo 65 de la Ley Municipal. Sostiene la apelante que la Corte de Distrito de Guayama incurrió en error al declarar que el apelado era parte perjudicada por la ordenanza o que él tenía la capacidad necesaria para solicitar el auto. Se alegó que el peticionario era un adulto y que desde hacía más de tres años había estado matando ganado para la venta de carne fresca en Guayama. Este párrafo fué negado en términos generales en la contestación presentada por la apelante.

Como la petición era jurada en este caso y el demandado formuló una contestación, esta última, si procede, debió haber contenido una negativa de cada alegación. En vez de esto la contestación expresaba lo siguiente: "1. Que niega el hecho primero de la petición. 2. Que acepta el hecho segundo de la petición. 3. Que niega el hecho cuarto de la petición", etc.

[1] El primer párrafo de la petición exponía tres hechos o alegaciones (*facts*), a saber: que el peticionario era mayor de edad, vecino de Guayama y que desde hace más de tres años venía dedicándose constantemente a la matanza de ganado para la venta de carne fresca. Ninguno de estos tres hechos o alegaciones fué negado específicamente como prescribe el procedimiento en tales casos. De conformidad con el artículo 110 del Código de Enjuiciamiento Civil es cada "alegación" la que debe ser específicamente negada y

no todo el párrafo negado en conjunto. Por eso la contestación deja en pie la petición.

[2] La alegación principal del apelado es que cualquier ciudadano puede atacar una ordenanza que es anticonstitucional. Sin estar conforme con esta proposición en su generalidad, creemos que un ciudadano tiene el derecho e interés suficiente para atacar una ordenanza que obstaculiza la competencia y venta de carne fresca. La apelante no cita ninguna autoridad y las autoridades del apelado son algo generales, por ejemplo. Dillon sobre Corporaciones Municipales, *passim*. Los abogados deben ser más específicos.

Sostenemos que las alegaciones del párrafo primero fueron suficientes, si era necesario para el apelado demostrar que su derecho a ejercer el oficio había sido infringido. La apelante basaba su derecho en que la petición no mostraba un ejercicio actual. El peticionario alegó que había estado ejerciendo el oficio de matar ganado por más de tres años y existe la presunción de hecho si es necesario de que él no estaba ejerciendo actualmente el oficio al formularse la petición, toda vez que estaba impedido por la ordenanza. Estas consideraciones resuelven los cuatro primeros señalamientos de error.

[3] Los dos señalamientos restantes están resueltos en su mayor parte en nuestra decisión en el caso de *Correa, supra*. Esa decisión declaraba plenamente que la Ley No. 52 de 1917 (1917(2) p. 365) era anticonstitucional y nula y no meramente un párrafo de ella. La apelante también pretende distinguir ese caso diciendo que la ordenanza de la ciudad de Guayama no trataba de imponer ningún monopolio. La ordenanza requería una especie de competencia por la cual sólo podían vender aquellos que hacían una proposición bastante baja. Esto era una clara intervención con el derecho del libre ejercicio del oficio y su tendencia fué destruir la competencia.

[4] La apelante trata de justificar en general el derecho

de un municipio a regular la venta de carne de acuerdo con su poder general de policía. Indiscutiblemente que la Legislatura puede delegar al municipio todas las facultades de policía que posee, pero en tiempos normales la Legislatura de Puerto Rico no tiene el derecho a regular el precio de un artículo. Unicamente en caso de emergencia extraordinaria puede un congreso o legislatura intervenir con la competencia corriente en el negocio y las excepciones se indican con bastante claridad en el caso de *Block* v. *Hirsh*, 256 U. S. 135, 65 L. ed. 865. Los poderes de policía no deben llegar hasta fijar el precio de un artículo.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Franco Soto estuvo conforme con la sentencia.