VIRGILIO PÉREZ y FRANCISCO ORENGO GONZÁLEZ, demandantes y apelantes, *v.* ANTONIO J. CASANOVA, demandado y apelado.

No. 4822.—*Sometido:* Febrero 18, 1930. *Resuelto:* Julio 15, 1930.

*R. Atiles Moreu* y *Guillermo S. Pierluissi,* abogados de los apelantes;. *Sergio León Lugo,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de daños y perjuicios por persecución maliciosa. La sentencia fué favorable al demandado, pero sin especial condenación de costas para los demandantes. No conformes éstos establecieron la presente apelación señalando en su alegato dos errores cometidos, a su juicio, por la corte,. al sostener que los. demandantes dejaron de probar que la actuación del demandado fué maliciosa, sin causa probable y al apreciar la prueba, especialmente al no darle aplicación al principio sentado en *Boyer* v. *Guayama,* 34 D.P.R. 21.

Tanto la demanda como la contestación son largas. Puede obtenerse un conocimiento breve a la par que exacto del caso transcribiéndose lo que sigue de la relación del caso y opinión del juez sentenciador:

"Que con fecha 17 de junio de 1925 el demandante ·Francisco· Orengo González, actuando como agente del codemandante Virgilio· Pérez, firmó en Juana Díaz un contrato con el demandado Antonio J. Casanova para la ampliación de un retrato de su padre (*exhibit* 1 de los demandantes), por cuyos términos los demandantes se comprometieron a entregar dicha ampliación dentro de los noventa días·

siguientes, debiendo estar hecho el trabajo a satisfacción del demandado; que no fué hasta después de transcurridos seis meses y a solicitud del demandado que los demandantes le enviaron la ampliación del retrato de su padre, el cual no aceptó por no tener parecido alguno; que entonces el demandado y el demandante Orengo convinieron en dar por terminado el contrato y en que los demandantes harían una nueva ampliación; para cuyo fin el demandado le entregó otro retrato pequeño de su padre; que tanto al firmar el contrato original como al ser llevada la ampliación, estaba presente el abogado Félix Luis Padilla, que vive y ejerce en Juana Díaz; que transcurridos varios meses sin que los demandantes hicieran entrega al demandado de la ampliación o de los retratos originales, a pesar de varias visitas que hiciera el demandado al demandante Virgilio Pérez en que éste le manifestó que aun estaba haciéndose el trabajo en los Estados Unidos, entonces procedió a poner en conocimiento de su abogado, Lcdo. Félix Luis Padilla, todos los hechos relacionados con el caso, de algunos de los cuales ya tenía conocimiento personal, y por consejo y recomendación de dicho letrado, procedió a jurar y presentar una denuncia por delito de falsa representación en la Corte Municipal de Juana Díaz en contra de los aquí demandantes; que al actuar así, lo hizo siguiendo los consejos de su abogado, de que ése era el medio de obtener que los demandantes le devolviesen los dos retratos originales de su señor padre, que eran los únicos que tenía, y no guiado con intención de causar daño a los demandantes; que después de varios señalamientos del caso ante la Corte Municipal de Juana Díaz, suspendidos a petición de los demandantes, se celebró el juicio sin poder comparecer el demandado allí denunciante, por estar enfermo, y por falta de prueba, los demandantes fueron declarados no culpables y absueltos del delito imputado.

"De acuerdo con estos hechos, la corte considera que los demandantes han dejado de probar uno de los elementos indispensables en toda acción de daños y perjuicios por persecución maliciosa. Los elementos esenciales de esta clase de acciones, son cuatro, a saber:

"1. Que el demandante ha sido demandado o denunciado por el demandado.

"2. Que la acción terminó con éxito favorable al demandante.

"3. Que la acción fué iniciada maliciosamente y sin causa probable por el demandado; y

"4. Que el demandante ha sufrido daños como consecuencia de dicha acción.

(Parés v. Ruiz, 19 D.P.R. 342.)

"La Corte es de opinión que los demandantes en este caso han dejado de probar el tercero de dichos elementos, es decir, que la denuncia presentada por el demandado en contra de ellos ante la Corte Municipal de Juana Díaz, lo fué maliciosamente y sin causa probable, toda vez que como se ha hecho constar anteriormente, la corte considera probado fuera de toda duda que el demandado Casanova presentó dicha denuncia después de haber expuesto los hechos que le habían ocurrido con los demandantes a su abogado, el Lcdo. Padilla, y que fué este letrado quien, después de haber estudiado los mismos y por el conocimiento propio que tenía de algunos de ellos, aconsejó a su cliente que la acción que debía tomar era la de denunciar a los demandantes criminalmente. Es una regla generalmente establecida por la jurisprudencia americana y por la de nuestra Corte Suprema, que en acciones por persecución maliciosa el demandado puede establecer una defensa completa de causa probable demostrando que sometió a su abogado una relación de los hechos con respecto a la culpabilidad del acusado y que de buena fe recibió instrucciones para establecer la querella, la que formuló después, de acuerdo con dichas instrucciones. *Mariana* v. *Porto Rico Express Co.,* 25 D.P.R. 618, en cuyo caso se ratificó la jurisprudencia sentada en el caso de *Torres* v. *Ramírez,* 24 D.P.R. 876 en la forma siguiente:

" 'La ley protege a una persona contra una acción por persecución maliciosa si antes de denunciar a otra hace una relación completa y razonable de todos los hechos a un abogado que está en el ejercicio activo de su profesión y es de buena reputación, y dicho abogado de buena fe informa al cliente que tiene motivos para hacer arrestar a la persona que le ha ofendido.'

"Las declaraciones del demandado Casanova y del Lcdo. Padilla en cuanto a la forma en que el primero expuso al segundo los hechos de este caso y el consejo que recibió el demandado, han merecido entero crédito a la corte, aun cuando no estamos de acuerdo con el consejo que dicho abogado dió a su cliente, de denunciar criminalmente a los demandantes, no obstante esto, como se dijo en el caso de *Torres* v. *Ramírez,* supra, el demandado está protegido por el mal consejo de su abogado."

■ Al argumentar su primer error, o sea el relativo a la falta de prueba de la intención maliciosa y de la falta de causa probable, los apelantes hacen grandes esfuerzos por demostrar que no es éste un caso apropiado para aplicar la defensa de haber procedido por consejo de abogado.

Hemos estudiado cuidadosamente dicha argumentación y las citas legales y circunstancias peculiares del caso y podemos entender perfectamente la posición de los apelantes. Debe meditarse bien antes de presentarse una denuncia criminal que lleva consigo el arresto de un ciudadano y la celebración de un juicio, y no puede admitirse que la vía criminal se escoja con el único fin de reclamar propiedad. El consejo de abogado no debe servir de manto que escude una persecución criminal seguida maliciosamente, a sabiendas de que lo que procedía era una acción civil. Y a veces nos ha parecido que eso y no otra cosa fué en verdad lo que aquí ocurriera.

Sin embargo, el juicio formulado por el juez sentenciador nos merece tanto crédito y las circunstancias del caso son tan peculiares, especialmente el tiempo transcurrido después de la ampliación del retrato que se presentara al demandado y la actitud asumida por los demandantes a partir de esa fecha, que bien pudiera pensarse que el demandado creyó de buena fe que había sido engañado y que aquel despojo de dos recuerdos que tenían para él un gran valor de afección, constituía un hecho que salía de la esfera civil para penetrar en la criminal, merecedor de castigo, tanto más cuanto que así se lo aseguraba un abogado que conocía los antecedentes, que le merecía confianza, y a quien había visto desempeñando por varios años el puesto de juez municipal.

Todo ello nos decide a aceptar como la procedente y justa, la conclusión del juez sentenciador.

El segundo error se refiere a la apreciación de la prueba, especialmente examinada a la luz de la jurisprudencia establecida en el caso de *Boyer* v. *Guayama*, 34 D.P.R. 21.

Se hace por los apelantes un estudio de las alegaciones de la demanda que se consideran admitidas por la contestación.

Quizás técnicamente tengan en algo razón los apelantes, pero la verdad es que suscitándose como se ha suscitado esta cuestión por primera vez ante nosotros, no habiéndose solicitado sentencia sobre las alegaciones en su oportunidad, demostrando un análisis de la contestación en conjunto la

posición clara y final del demandado tal como fué apreciada no ya por la corte sino por los mismos demandantes que introdujeron prueba sobre todos los extremos alegados en su demanda, creemos que carecen de mérito las contenciones de los apelantes y que no se ha cometido el segundo y último de los errores señalados.

*En cuanto a la apreciación de la prueba en general bastará decir que las conclusiones de la corte encuentran justificación cumplida en los autos.*