Julio Dieppa Iglesias, demandante y apelante, *v.* Francisco R. Rivera, demandado y apelado.

No. 5002.—*Sometido:* Febrero 12, 1931. *Resuelto:* Febrero 20, 1931.

*F. Cervoni Gely,* abogado del apelante; *Angel M. Villamil,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un pleito por persecución maliciosa en que la Corte de Distrito de Humacao dictó sentencia a favor del demandado. Se hizo mención del caso de *Parés* v. *Ruiz,* 19 D.P.R. 342, donde se dijo que era necesario que el demandante estableciera tres elementos a fin de que pudiera obtenerse sentencia. Eran: primero, que el demandante había sido denunciado por el demandado; segundo, que el proceso había terminado en forma favorable al demandante; y, tercero, que el proceso fué seguido maliciosamente y sin causa probable. La teoría de la corte inferior fué que el demandante había dejado de establecer la falta de causa probable. El demandado imputó al demandante el haber dispuesto indebidamente de una vaca que le había sido confiada por el demandado. El demandante aportó evidencia tendente a demostrar que la vaca le fué en efecto vendida. Así, surgió un conflicto en la evidencia, y la corte, analizándola, llegó a la conclusión de que no podía decir que hubiera falta de causa probable. A más, antes del demandado iniciar el proceso consultó con un abogado (de acuerdo con la corte uno de alta reputación) y dicho abogado aconsejó al demandado que tenía derecho a perseguir al demandante por el alegado abuso de confianza.

Hemos examinado la evidencia y el alegato del apelante, y no podemos decir que la corte se equivocara al llegar a la conclusión de que no se había demostrado la falta de causa probable. Los argumentos del apelante son de una naturaleza para convencer más bien a una corte sentenciadora que a un tribunal de apelación.

Como ejemplo del conflicto, el demandado asevera que había hecho varias gestiones para la devolución de la vaca; y, por otra parte, el demandante dijo que no se hizo gestión alguna. Surgieron similares conflictos.

El apelante presenta motivos por los cuales no debió

864

haberse seguido el consejo del abogado. Sin embargo, ordinariamente se precisará un caso fuerte para que un demandado no esté protegido por el consejo sincero de un abogado de buena reputación.

La actitud del demandante al tratar de exponer las ganancias que dejó de percibir con motivo de la persecución fué muy lejos de ser satisfactoria, y de por sí hubiera desinclinado a la corte a creer sus manifestaciones.

■ Aunque el alegato no presentó señalamiento de errores, según lo requieren las reglas de este tribunal, sin embargo, al fin del alegato se expone un segundo supuesto error. El apelante se queja de que la corte inferior admitiera evidencia de un proceso contra el demandante radicado después que había terminado el caso de abuso de confianza. El apelante mantiene que esos hechos eran *post litem motam*. Estamos bastante convencidos de que para impugnar la veracidad de un testigo pueden ofrecerse en evidencia hechos ocurridos después de la controversia principal.

*Debe confirmarse la sentencia recurrida.*