# 95 DTA 66

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

ISMAEL RUIZ EXCLUSA, ET ALS.
Demandantes-Apelados

v.

HERIBERTO PEREZ GUZMAN, ET. ALS.
Demandados-Apelantes

Núm. KLAN-95-00057

San Juan, Puerto Rico, a 25 de abril de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los jueces Jiménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se trata de una apelación para revisar una sentencia, dictada por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Lares que declara con lugar una demanda en daños y perjuicios por persecución maliciosa. El Tribunal de Distrito determinó conceder un total de Nueve Mil Quinientos Dólares ($9,500) a los demandantes-apelados en concepto de daños,

costas y honorarios de abogado.

Revisadas las posiciones de ambas partes, y el contenido íntegro del legajo ante nos, declaramos sin lugar el recurso de apelación y se confirma la sentencia del Tribunal de Instancia por los siguientes fundamentos.

El 20 de septiembre de 1993, se dictó sentencia declarando Con Lugar la demanda en daños y perjuicios por persecución maliciosa incoada por el demandante-apelado, Ismael Ruiz Exclusa, su esposa, Cándida Molina Vélez y la Sociedad Legal de Gananciales compuesta por ambos en contra del demandado-apelante, Heriberto Pérez Guzmán, su esposa y la Sociedad Legal de Gananciales por ellos compuesta. El Tribunal de Distrito, Sala de Lares (Hon. Roberto L. Martínez Pomales, Juez) concedió $5,000 en daños a favor del señor Ruiz Exclusa; $3,000 a su esposa y $1,500 en concepto de costas y honorarios de abogado.

Los hechos que dieron lugar a esa demanda fueron tres (3) denuncias criminales y una (1) querella civil instadas por Pérez Guzmán en contra de Ruiz Exclusa. La primera de esta serie de denuncias fue efectuada por el peticionario el 20 de abril de 1986 en contra de Ruiz Exclusa por alegadamente *"...tirar un esprim [sic] de una cama en el patio de la residencia del Sr. Heriberto Pérez Guzmán, sin el consentimiento de éste"*. Denuncia Núm. 401 del 20 de abril de 1986 del Cuartel de Lares. El imputado fue absuelto en la vista en su fondo.

Posteriormente, el 31 de octubre de 1991 el apelante radicó una querella en contra de Ruiz Exclusa. La querella civil fue radicada bajo la Ley 140 sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. Sec. 2871, debido a la rotura de tubería de agua.██ Una vez citado el querellado Ismael Ruiz Exclusa y habiéndose escuchado a ambas partes, el Tribunal procedió a desestimar la querella.██

El 21 de noviembre de 1991, unos veinte (20) días después de radicada la querella antes mencionada, Pérez Guzmán acusó a Ruiz Exclusa de alteración a la paz por alegadamente utilizar lenguaje grosero contra él, haciéndolo sentir *"amenazado y ofendido"*. Luego de oír a las partes el Tribunal de Distrito no encontró causa probable y ordenó el archivo del caso. Esta denuncia se radicó nuevamente en alzada para determinación de causa probable, determinándose nuevamente no causa.██

Cinco meses después de la denuncia, el 23 de abril de 1992, Pérez Guzmán radicó una querella ante la Policía de Puerto Rico informando que le habían intentado hurtar su auto. El 5 de marzo de 1992 se arrestó a Ruiz Exclusa imputándole la tentativa de violar la Ley de Protección Vehicular, Art. 18 de la Ley 8 de Protección Vehicular, 9 L.P.R.A. sec. 3101. No se encontró causa probable, ordenándose el archivo de la denuncia. Esta denuncia fue radicada nuevamente en alzada, determinándose no causa.██

El 20 de mayo de 1992 los demandantes apelados instaron demanda por daños y perjuicios en contra de Heriberto Pérez Guzmán, su esposa y la Sociedad de Gananciales por ellos compuesta. El demandante-recurrido, Ruiz Exclusa fundamentó su demanda en las tres denuncias criminales y en la querella instada en su contra, alegando que las mismas habían sido instadas por Heriberto Pérez Guzmán, sin razón, maliciosamente y con la intención de causarle daños. La demanda fue declarada con lugar. Posteriormente el demandado presentó varias mociones solicitando la grabación y transcripción de la prueba, la formulación de hechos adicionales y una tercera de Reconsideración en la que en síntesis alega que la malicia no había sido probada, sino que el Tribunal la había presumido. Todas estas mociones fueron declaradas sin lugar.

El 20 de octubre de 1993, Heriberto Pérez Guzmán presentó escrito de apelación en el que hizo seis señalamientos de error, a saber:

*"1. ERRO EL HONORABLE TRIBUNAL AL TOMAR HECHOS OCURRIDOS EN EL 1986, COMO BASE PARA DECLARAR CON LUGAR UNA DEMANDA RADICADA EL 20 DE MAYO DE 1992 POR DAÑOS Y PERJUICIOS, HABIENDO EL DEMANDADO LEVANTADO LA DEFENSA DE PRESCRIPCION SOBRE DICHOS HECHOS, ASI COMO DURANTE EL JUICIO CADA VEZ QUE SE PREGUNTABA Y DECLARABA SOBRE HECHOS OCURRIDOS EN EL 1986.*

*2. ERRO EL HONORABLE TRIBUNAL AL DECLARAR CON LUGAR LA DEMANDA Y RESOLVER QUE SE ESTABLECIERON POR LA PREPONDERANCIA DE LA PRUEBA LAS CONDICIONES Y ELEMENTOS NECESARIOS LEGALES REQUERIDOS EN LA ACCION DE PERSECUCION MALICIOSA.*

*3. ERRO EL TRIBUNAL AL FORMULAR UNAS DETERMINACIONES DE HECHO NO SOSTENIDAS POR LA PRUEBA, YA QUE NO SE PRESENTO PRUEBA AL RESPECTO.*

*4. ERRO EL TRIBUNAL EN LA CONCESION DE DAÑOS CUANDO NO SE PROBARON.*

*5. ERRO EL HONORABLE TRIBUNAL AL NO PONDERAR DE ACUERDO AL DERE-CHO APLICABLE LAS MOCIONES DE RECONSIDERACION Y DE DETERMINACIONES DE HECHO ADICIONALES.*

*6. ERRO EL HONORABLE JUEZ AL SOMETER AL DEMANDADO A UN INTERRO-GATORIO CON FINES DE IMPUGNAR CREDIBILIDAD AUN CONTRA LA OBJECION DEL DEMANDADO".*

El recurso de apelación fue debidamente perfeccionado. Surge de la Exposición Narrativa del Tribunal y el expediente visto en su conjunto que lo que en esencia el apelante impugna es la apreciación de la prueba que realizó el Honorable Tribunal de Primera Instancia para entender probados los elementos de la persecución maliciosa. El principio rector que guía la función apelativa dispone que no se intervendrá con las determinaciones que haga un Tribunal de Instancia en ausencia de error manifiesto, prejuicio, parcialidad o pasión. *Pueblo v. Pellot Pérez,* 121 D. P . R. 791 (1988).

En el presente caso el Tribunal de Instancia aquilató la prueba documental y testifical ofrecida, y entendió que quedaron configurados los elementos constitutivos de la persecución maliciosa. El apelante no alegó que el Tribunal haya cometido error manifiesto, o incurrido en prejuicio, parcialidad o pasión.

La acción civil de daños y perjuicios por persecución maliciosa como consecuencia de un proceso criminal está regida por las disposiciones del Código Civil que regula las acciones civiles por daños y perjuicios causados por culpa o negligencia, Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141.

En Puerto Rico se reconoce la acción de persecución maliciosa derivada de procesos criminales y de pleitos civiles, aunque en el último caso se requieren circunstancias extremas que evidencien se acosa al demandante con pleitos injustificados o radicados maliciosamente. *Jiménez Alvarez v. Silén Maldonado, et. al.,* ___ D.P.R. ___ (1992), **92 J.T.S. 95**.

El Tribunal Supremo discutió por primera vez la naturaleza, las bases jurídicas y los requisitos esenciales de esa acción en el caso *Parés v. Ruíz,* 19 D.P.R. 342 (1913). Los cuatro criterios que son indispensables para que proceda la acción de daños por persecución maliciosa han sido ratificados con posterioridad al caso de *Parés,* estos requisitos son: (1) que el demandante en la acción de persecución maliciosa haya sido demandado criminalmente por

el demandado en dicha acción, (2) que dicho demandante haya sido absuelto en el caso criminal, (3) que haya sufrido daños por motivo de la denuncia criminal y (4) que se pruebe que la denuncia fue hecha maliciosamente por el demandado.*Toledo Maldonado v. Cartagena Ortiz y Otros*, ___ D.P.R. ___ (1992), **92 J.T.S. 173;** *Jiménez Alvarez v. Silén Maldonado, et al., supra; Ocasio v. Alcalde Mun. de Maunabo*, 121 D.P.R. 37 (1988); *Raldiris v. Levitt & Sons of P.R., Inc.*, 103 D.P.R. 778 (1975); *Escoda v. Hull Dobbs Co. of P.R.*, 100 D.P.R. 305 (1971); *Commonwealth Loan Corp. v. García*, 96 D.P.R. 773 (1968); *Jiménez v. Sánchez*, 76 D.P.R. 370 (1954). De los hechos expuestos en el expediente del caso ante nos, podemos concluir que: (a) el demandado-apelante fue quien inició las acciones contra el demandante-apelado; (b) que los casos terminaron en forma favorable al demandante-apelado; y (c) que el demandante y su esposa sufrieron angustias y sufrimientos mentales al tener que defenderse de las diversas acusaciones, además de incurrir en gastos para poder defenderse ante los tribunales. Los siguientes elementos pueden tomarse en consideración para determinar los daños sufridos: pérdida de tiempo, peligro de la vida o de la libertad, injurias al renombre, reputación, carácter y salud, sufrimientos mentales, desprestigio, pérdida efectiva en la propiedad, interés y crédito, decrecimiento en la capacidad de ganar dinero y todas las pérdidas sufridas en el negocio. *Benet v. Hernández*, 22 D.P.R. 494 (1915).

Para que prospere esta causa de acción es necesario que el demandante pruebe la ausencia de causa probable y que actuó maliciosamente. *Raldiris v. Levit & Sons of P.R. Inc., supra.* Causa probable es una sospecha fundada en circunstancias significativas que justifiquen la creencia que tiene una persona razonable de que la acusación es cierta. *Parés v. Ruiz, supra,* pág. 349.

El demandante tiene que probar que el demandado instó el proceso penal por motivos perversos o impropios y no con el objeto de llevar a la justicia a la persona culpable. Hay que recordar que *"malicia o maliciosamente denotan la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa y la consciente naturaleza del mismo".* Art. 7 Código Penal de Puerto Rico de 1994, 33 L.P.R.A. sec. 3022 (k).

El informe de la comisión de un crimen a las autoridades competentes, no equivale por sí sólo a instigar un proceso criminal. La causa probable depende del criterio honesto del declarante al hacer la imputación o ál prestar declaración. *Jiménez v. Sánchez, supra.* En acciones por persecución maliciosa, uno de los requisitos esenciales es la falta de causa probable. *Mariani v. Puerto Rico Express, Co.*, 25 D.P.R. 618 (1917); *Torres v. Ramírez*, 24 D.P.R. 876 (1917); *Benet v. Hernández*, 22 D.P.R. 494 (1915); *Parés v. Ruiz, supra.*

La iniciación de los procedimientos criminales se hizo a través de la información suministrada por Heriberto Pérez Guzmán; las denuncias no fueron consecuencia de la investigación policíaca o de la fiscalía, sino el resultado de la información y acusación específica de Pérez Guzmán.

De acuerdo a la exposición narrativa del Tribunal y los documentos en autos, el apelante admitió haber realizado tres (3) denuncias criminales y una querella civil, en dos de las denuncias fue a instancias de él, que se volvió a someter. el caso en alzada. La prueba creída por el Tribunal de Instancia tiende a demostrar la suficiencia de la misma para sostener la persecución maliciosa.

No existe pues, fundamento alguno que pudiera justificar nuestra intervención con las determinaciones que realizó el Tribunal Sentenciador luego de aquilatar la prueba ante el desfilada.

En consideración de lo anterior se desestima el recurso de apelacion instado y se confirma la sentencia que declaró con lugar la demanda en el presente caso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General