**Elizabeth JACOB and Judy Tsanos, Plaintiffs,**

v.

**EAGLE STAR INSURANCE COMPANY; David Tosado Alonso, and Natividad Arroyo Alonso, Defendants.**

**Civ. No. 84–3073 (JAF).**

United States District Court,
D. Puerto Rico.

July 1, 1986.

Francisco M. Troncoso, San Juan, P.R., for plaintiffs.

Iván M. Fernández, Falcon & Fernández, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

FUSTÉ, District Judge.

This is a negligence action for damages resulting from the shooting of plaintiff Elizabeth Jacob. Jurisdiction is based on diversity of citizenship, 28 U.S.C. Sec. 1332. Before us is defendants' motion for summary judgment. Fed.R.Civ.P. 56(c). If the material facts are undisputed, and if defendants are entitled to judgment as a matter of law, summary judgment shall be entered. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* Sec. 2725 at 75–112 (1983). This Court will examine the record in a light most favorable to plaintiffs. Reasonable doubts in the record shall be resolved in their favor. *Hahn v. Sargeant*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

We turn now to the facts. Around 10:30 P.M. on December 9, 1983, plaintiffs Elizabeth Jacob and Judy Tsanos arrived at the San Juan International Airport. Their immediate destination was the Caribe Hilton Hotel, about a fifteen-minute drive from the airport. They boarded a taxicab, a four-door sedan owned by Natividad Arroyo Alonso and driven by David Tosado Alonso. Plaintiffs sat on the rear seat of the car. The driver left the airport through the Baldorioty de Castro Avenue, the principal and shortest route to the hotel. Upon approaching the intersection of Baldorioty de Castro Avenue and Providencia Street, the driver stopped at a red light. The taxicab was located on the right lane. It is uncontroverted that at least another car was in front of the cab. On the right-hand side of the road there is a public housing project known as "Caserío Luis Lloréns Torres." Unexpectedly, while waiting for the green light, one or two "hoodlums" approached the vehicle. At least one of them was armed and pointed the handgun directly at the driver's face. The driver obeyed orders to remain still. The assailant then moved to the rear door, opened it, and demanded from the passengers their belongings. The passengers ei-

ther resisted the assault or became frightened. Unfortunately, a shot came off, injuring Ms. Jacob in her hand and thigh. After the incident, the driver took plaintiffs to the nearest hospital.

Plaintiffs allege "fault or negligence" under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5141. The argument is that the driver 1) had an obligation to warn the passengers of the "extreme danger that existed in the area", 2) failed to advise them to lock the doors and close the windows, 3) stopped in the right-hand side of the road which is the most dangerous, 4) failed to move rapidly to deter the assault, and 5) that defendants' negligence was the efficient cause of the injury. The applicable substantive law is the Puerto Rico Civil Code. *Valle v. Amer. Inter. Ins. Co.*, 108 D.P.R. 692 (1979).

A *prima facie* case under Article 1802 has three elements—an act or omission constituting "fault or negligence", damages, and causal connection between defendant's tortious conduct and the injuries sustained by plaintiff. *Sociedad de Gananciales c/p Hernández, et al. v. González Padín Co., Inc.*, —— D.P.R. ——, ——, 86 J.T.S. 23 at 4258–59 (1986). An act or omission constitutes "fault or negligence" ("anti-juricidad") when defendants had a duty of care ("deber jurídico") to act, and failed to respond as reasonable and prudent men would have in like circumstances. *Id.* at 4259. Defendants are not responsible unless it is shown that if they had acted as reasonable and prudent men, the damages would have been avoided. *Id.* at 4259. This element of causation avoids imposing absolute or objective responsibility for ordinary negligent acts. The premise being that the negligent tortfeasor is not an insurer. *Estremera v. Inmobiliaria*, 109 D.P.R. 852 (1980).

The imposition on a cab driver of a duty to warn and advise his passengers of possible dangers turns on whether the criminal conduct was foreseeable. *See Hernández v. La Capital*, 81 D.P.R. 1031 (1960). Ordinarily, a person is not responsible in tort for criminal conduct of third parties. A

prudent and reasonable person can assume that others will obey the criminal law. *Estremera*, 109 D.P.R. at 858. However, if reasonable security measures are part and parcel of defendants' business, a breach of that duty may render that party liable for criminal acts of others. *Id.* at 856. Hotels, hospitals, and schools fall into this category. *Id.*, at 856, 858 n. 6. Because of the *nature* of the services rendered by these businesses, it is foreseeable that absent reasonable safety measures, criminal acts may cause harm on guests, patients or students. Each case turns on its facts.

■ As a general rule, we hold that a taxicab driver is not legally obligated to foresee crime and violence. A cab driver has an obligation to provide safe and efficient transportation. He has a special duty to drive carefully and obey the traffic laws. Article 1802 does not impose on a cab driver an obligation to provide risk-free transportation. Unlike a hotel, school or hospital, the nature of his business does not demand special security measures. A cab driver need not be armed; his car need not be armored. He is a public carrier for hire and not an insurer. By this standard of care, David Tosado Alonso acted as a reasonable and prudent driver. He drove carefully from the airport. He chose the most efficient route to plaintiffs' destination. He stopped at a red light as required by the traffic laws. He did not react precipitously when confronted by the assailants. Even after the unfortunate and fortuitous circumstance, he immediately sought medical care for plaintiffs. We conclude that Alonso did not have a duty to warn or advise the passengers of an unforeseeable danger. Alonso acted as a "good family man." Thus, there is no breach of the duty of care.

■ Notwithstanding, plaintiffs urge this Court to impose on defendants a special duty of care because of the allegedly "inherently-dangerous" situs of the crime. At the outset, plaintiffs' assertion that the intersection of Providencia and Baldorioty de Castro is the "most dangerous corner in Puerto Rico" is unsupported by the record.

The fact that eighty-eight Type 1 crimes were committed there during 1984 and part of 1985 does not alone support plaintiffs' position. No data has been provided for comparison purposes. We take judicial notice that the route followed is the normal and usual to the users of airport facilities. Fed.R.Evid. 201. Accordingly, plaintiffs' Exhibit C is inconclusive. Plaintiffs make much of the fact that Sector 335, the area where the crime was perpetrated, including the public housing project, has a high incidence of crime. Police statistics show at least four other sectors in San Juan having higher crime rates. It would be unworkable to fine-tune the degree of care according to narrowly-defined crime statistics. In the circumstances of this case, we cannot agree that "special dangers" were present. Thus, defendants were not obligated to warn or advise the passengers to lock the doors and close the windows. We hold that Alonso was not negligent under Article 1802.

■ Assuming *arguendo* the negligence of defendants, their acts or omissions were not the efficient cause of plaintiffs' harm. *Jiménez v. Pelegrina Espinet*, 112 D.P.R. 700 (1982). Even if defendant Alonso had warned and advised plaintiffs, the impending attack of an armed assailant could not have been averted. Judy Tsanos claims to have seen "two men move towards (sic) the cab," "immediately" recognizing the "unsafe situation and demanding the cab driver to move before the 'hoodlums' approached closer." This assertion fails to contradict that the assault was sudden, unexpected, imminent, and fortuitous. Tsanos' bare statement does not raise a genuine issue of material fact requiring a jury to resolve the parties' different versions of the truth at trial. *Hahn v. Sargeant*, 523 F.2d at 464. We conclude that plaintiffs' harm was *not* foreseeable, or causally related to any acts or omissions by defendants. There being no vicarious responsibility, Article 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5142, or independent negligence by the cab owner, the complaint shall be DISMISSED. Summary judgment

for defendants dismissing the complaint shall be entered forthwith.

IT IS SO ORDERED.