Juan Antonio Navarro, Leticia Rodríguez García, San Juan, P.R., for plaintiff.

Ginoris Vizcarra de López-Lay, San Juan, P.R., for defendant.

FUSTE, District Judge.

**UNION INDEPENDIENTE DE EMPLEADOS DEL HATO REY PSYCHIATRIC HOSPITAL, Plaintiff**

v.

**HATO REY PSYCHIATRIC HOSPITAL, INC., Defendant.**

**Civ. No. 85–1198 (JAF).**

United States District Court, D. Puerto Rico.

Dec. 19, 1986.

### OPINION AND ORDER

This action, a petition to enforce an arbitration award, is before us pursuant to 28 U.S.C. secs. 1331 and 1441. It was removed from the Supreme Court of Puerto Rico, as arising under section 301 of the Labor Management Relations Act, 29 U.S.C. sec. 185. The relevant undisputed facts of the case are as follows: Petitioner, Unión Independiente de Empleados del Hato Rey Psychiatric Hospital, has a collective bargaining agreement (CBA) with defendant, Hato Rey Psychiatric Hospital, Inc. The union filed a grievance on behalf of its member Modesto Acevedo, a practical nurse, alleging unlawful discharge. The discharge arose from the following incident. On April 2, 1984, Acevedo suffered a minor back injury while bathing a hospital patient. The following day, prior to when he was to report to work, his wife phoned the hospital to tell the employer that Acevedo would be absent from work. She gave the message to Mr. Román, supervisor of the back gate, who checks the employees in and out and arranges to have others cover the shift of an absent employee. The grievant testified that he usually notified the gatekeeper in situations such as this. Under the CBA, however, the gatekeeper

has no authority to receive these calls. The CBA article XIX, dealing with sick leave, states in pertinent part:

Section 2: For the purposes of attendance to work it will be understood to be an illness any affliction by the employee which effectively prevents him from work, keeping him at home. Said employee will *notify his absence due to illness to the Personnel Office at the hospital, or to his immediate supervisor* prior to the hour to which he should have reported to work. If for any reason it is not possible for said employee to notify his absence on the same day it occurs, he shall do it on the following day. The notices of absence due to illness will be made directly to the Personnel Office, either personally or through a relative, friend or another employee.

. . . .

Section 4: To report back to work, it is imperative that all employees submit a certificate issued by a doctor authorized to practice his profession in Puerto Rico, and who took care of him during his illness, stating in addition to his diagnosis the days during which he was unable to work (so that the hospital doctors can evaluate the importance of the same). Providing that to reinitiate his work any employee who has been absent due to any reason must have written authorization to that effect from the Personnel Office. (Emphasis added)

Acevedo did not return to work until April 12, 1984, at which time he presented the medical certificate required by section 4. On that day he received a discharge letter dated April 6, 1984, discharging him for violation of the rules of conduct by being "absent from work more than two days without notifying [his] absence to his superior nor to the Personnel Office." The specific violation referred to is rule 17, which reads:

It will be considered abandonment of work when an employee has been absent for a period in excess of three days without having notified to his superiors his absence pursuant to norms established by the hospital.

The grievance went to arbitration under the CBA. The arbitrator found that, although the terms of the CBA are clear in that the notice of absence for illness must be given to the personnel office or the immediate supervisor, the hospital in the past had accepted notice for sick leave absences from the grievant, as well as others, using the same procedure for which Acevedo was discharged. She, therefore, found that the hospital could not come subsequently and "apply a discipline as severe as the discharge, when it propitiated that the grievant incur in a violation for not notifying in the first occasion the proper way of doing it." [1]

Petitioner filed a motion for summary judgment. The hospital alleges that the award should be vacated primarily on two grounds: First, it is alleged that the award is null and void because the arbitrator acted *ultra vires* in considering past practice regarding the administration of the CBA, even though the provision is quite clear. That is, under the terms of the CBA:

[T]he decision of the arbitrator will be rendered *pursuant to law and the same shall be rendered pursuant to the terms of the contract without in any manner altering the provision of the same.* (Emphasis added)

Second, it is alleged that the remedy of reinstatement with back pay is contrary to law in that it goes beyond the remedy provided by Puerto Rico's Law No. 80, of May 30, 1976, 29 L.P.R.A. sec. 185a.[2]

If the material facts are undisputed, and if defendants are entitled to judgment as a matter of law, summary judgment shall be granted. *Jacob v. Eagle Star Ins. Co.*, 640

---

1. There is no allegation that Acevedo failed to comply with the provisions of section 4.

2. Under Puerto Rico law, an employee dismissed without good cause is entitled only to salary corresponding to one month as indemnity and an additional progressive indemnity equivalent to one week for each year of service.

F.Supp. 117, 118 (D.P.R.1986); *see generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* sec. 2725 at 75–112 (1983). The opposition raises only a controversy as to the meaning of "immediate supervisor" when interpreting the phrase as used in the CBA vis-a-vis the word "superior" as used in Rule 17, *supra.* We find no factual problem here; it is a matter of legal interpretation suitable for summary judgment and one that is easily reconciled. The disposition of Rule 17 is a very general one. It encompasses all types of absences: vacations, absences the need for which might be known in advance, as well as unexpected sickness.[3] The rule is obviously general because the CBA does not specifically identify who must be notified for each of the other types of absences. The CBA is *very* specific in that in typical cases of illness, however, notice must be given to the Personnel Office or to the immediate supervisor.

 Where the parties to a collective bargaining agreement have provided for arbitration as the final and binding method for settling grievances, the arbitration award is normally nonreviewable by the court. *Bettencourt v. Boston Edison Co.,* 560 F.2d 1045, 1048 (1st Cir.1977). Exception to the rule of nonreviewability are, therefore, few and of a most limited nature. *Id.* at 1049. Substantive review of an award is, therefore, limited to a determination of whether an award is irrational, whether it fails to draw its essence from the collective bargaining agreement or whether it exceeds the scope of the arbitrator's authority. *Butterkrust Bakeries v. Bakery Confectionary and Tobacco Workers Union Int'l, AFL–CIO, Local No. 361,* 726 F.2d 698 (11th Cir.1984); *see also Loveless v. Eastern Air Lines, Inc.,* 681 F.2d 1272, 1276 (11th Cir.1982). The hospital has challenged the award on the second and third grounds.

In article XIX, section 2, we are confronted by a clear and direct mandate to the employee. We have neither gaps, *see, e.g.*

*General Drivers, Helpers, and Truck Terminal Employees, Local v. Sears Roebuck & Co.,* 535 F.2d 1072 (8th Cir.1976), nor ambiguities, *see, e.g., Bacardi Corporation v. Congreso de Uniones Industriales de Puerto Rico,* 692 F.2d 210 (1st Cir.1982), which require an interpretation by the arbitrator or an application of other sources of law. The Union argues that in *Loveless,* the Court of Appeals for the Eleventh Circuit upheld the arbitrator's failure to adhere to facially unambiguous language in the CBA and reach a result opposite to that mandated by the contract. In that case, however, there was no express constraint upon the authority of the arbitrator to interpret the agreement. In the case at bar, the arbitrator was enjoined from altering the provisions of the CBA in any manner.

 While a discharge under the facts of our case seems extremely harsh, because it appears that although improperly notified, the notice was processed, the arbitrator has no authority under the agreement to ignore the CBA provision and to decide the case on the basis of equity and fairness. *W.R. Grace and Co. v. Local Union No. 759 Intern. Union of United Rubber, Cork, Linoleum and Plastic Workers of America,* 652 F.2d 1248, 1255 (5th Cir.1981), *aff'd* 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983).

Finding that the arbitrator exceeded his authority by basing his award on allegedly past practice, the issue of whether the award draws its essence from the agreement is academic. The petition for enforcement is hereby DENIED.

IT IS SO ORDERED.

---

3. We can think of numerous such absences, examples of which include maternity leave, death or illness of a family member and planned surgery.