**Mohan VYAS SANGIDAS and Gladys Martinez Pastrana, individually, and the conjugal society composed of the two, Plaintiffs,**

v.

**HOLIDAY INNS, INC., XYZ Insurance Company, ABC Corporation, and its insurer CED, Defendants.**

Civ. No. 85–1260(JAF).

United States District Court,
D. Puerto Rico.

May 3, 1987.

Antonio Jiménez Miranda, Jimenez Miranda & Segarra Arroyo, San Juan, P.R., for plaintiffs.

Charles A. Cordero, Cordero, Colon & Miranda, San Juan, P.R., for defendants.

### OPINION AND ORDER

FUSTE, District Judge.

We have before us a motion for dismissal and/or summary judgment filed by defendants Holiday Inns, Inc., XYZ Insurance Company, Williams Hospitality Management Corporation, a/k/a Condado Plaza Holiday Inn, and Sands Casino (Defendants). They raise several legal arguments under which the undisputed facts allegedly entitle them to summary judgment. Since we find that the mere *bona fide* reporting to the police of a *prima facie* violation of the law does not establish a tort cause of action under art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. sec. 5141, we need not address the other legal issues. Jurisdiction is pleaded under 28 U.S.C. sec. 1332 and is not disputed.

### I.

On or around August 26, 1983, Mr. Mohan Vyas Sangidas (Vyas) checked in as a

guest at the Condado Holiday Inn.[1] He remained as a guest until April 1984. The Credit Manager of the hotel, Mr. Mike Pérez-Rivera, tried to communicate with Mr. Vyas three days after he checked in. Plaintiff had accumulated over $1,500 in charges. On August 30, 1983,[2] an agent for a real estate broker informed Mr. Pérez-Rivera that Vyas was in Puerto Rico on a large-scale project with intentions of purchasing the defunct Commonwealth Oil Refining Corp. (CORCO) petroleum refinery located at the southern part of Puerto Rico. The credit manager was informed that all of Vyas' accounts were to be settled by a Mr. Vito Vance, who resided in New York. Mr. Pérez-Rivera communicated with Mr. Vance, who then proceeded to periodically make partial payments towards the hotel debt incurred by Vyas.

It is undisputed that a pattern of late payments accrued. Payment demands were made. Late payments followed. From February 28, 1984 to April 18, 1984, the hotel bill skyrocketed from some $8,000 to $21,097.96.[3] Throughout the time, plaintiff raised several excuses for the delay in payment. On April 9, 1984, the hotel management decided to report to the police the situation described. Puerto Rico had enacted Law No. 85, of June 23, 1956, 10 L.P.R.A. secs. 711–723, known as the "innkeeper's law". Under the provisions of such law, a person may be found guilty of a felony if it is proved that there is intent to defraud an innkeeper on services, lodging, and food provided by the same.[4] Said law establishes a rebutable presumption of intent to defraud if evidence that money,

lodging, credit, food, or other accommodations were obtained at any hotel by false showing or evidence that any person refused or neglected to pay for such food, lodging or other accommodations on demand. 10 L.P.R.A. sec. 716(a). On April 10, 1984, the police brought the matter before a magistrate, who found probable cause against plaintiff. On that date, Vyas was arrested and sent to jail. Since he could not post bail and failed to pay the hotel bill, he remained imprisoned until June 15, 1984. On said date, the charges were dropped because a judge found that while the hotel demanded payment, Vyas was allowed to charge his hotel expenses. *See* docket document No. 51, Exhibit L/1P. The trier of fact found that there were not present all the elements of the crime to establish culpability.

After the criminal case was over, Vyas finally paid the $21,097.64 owed to the hotel. Notwithstanding, the hotel had to file a civil suit to obtain judgment for an outstanding casino debt of $81,000, plus legal interest. *See* docket document No. 59, certified translation of the opinion and judgment entered in Civil No. 84–1820, Superior Court of Puerto Rico, May 30, 1985.

On June 4, 1985, Mr. Vyas filed a local judicial action where he sued certain employees of the hotel. *See* docket document No. 51, Exhibit O. In said complaint, he requested compensation for the damages caused by the alleged malicious prosecution to which he was submitted. This local action was dismissed with prejudice in response to plaintiff's noncompliance with court orders. This order was entered on

1. Plaintiff avers that at this moment the hotel extended him a line of credit, which is affirmatively denied by defendants. Plaintiff has failed to bring forward any scintilla of evidence to sustain this claim. *See Celotex v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

2. The court notes that the translation of the affidavits subscribed by the employee of the hotel are inaccurate as to the dates. We have examined the Spanish version to establish the dates.

3. The payments were made as follows: August 31, 1983–$11,800; September 2, 1983—$800; September 14, 1983—$2,800; September 22,

1983–$1,100; September 23, 1983–$2,000; October 1, 1983—$5,650; October 7, 1983—$1,198.60; November 4, 1983–$1,000; November 21, 1983–$2,500; November 23, 1983–$500. In 1984, the outstanding debt was of $8,237, which they paid on January 27, 1984. After January 31, 1984, the bill kept incrementing. On February 28, 1984, it amounted to $8,668.73. On April 10, 1984, the bill was of $21,097.96.

4. The law states that a person:
   [W]ith intent to defraud, obtain money, credit or accommodations from an innkeeper, in an amount aggregating five hundred (500) dollars or more, shall be guilty of a felony. 10 L.P.R.A. sec. 716(a).

June 18, 1986. *See* docket document No. 59, Exhibit N. Concurrently, on June 25, 1985, he filed the instant action in this court.

## II.

We examine the merits of the claim under art. 1802 of the Puerto Rico Civil Code. To establish an actionable claim under Puerto Rico's tort law, a plaintiff must prove three elements: (a) an act or omission constituting "fault or negligence," (b) damages, and (c) causal connection between defendant's tortious conduct and the injuries sustained. *See Sociedad de Gananciales c/p Hernández v. González Padín Co., Inc.,* —— D.P.R. ——, 86 J.T.S. 23 at 4258–59. An act or omission constitutes "fault or negligence when defendants had a duty of care to act and failed to respond as reasonable and prudent men would have in the circumstances." *E.g., Jacob v. Eagle Star Ins. Co.,* 640 F.Supp. 117, 118 (D.P.R.1986). Under art. 1802 of the Civil Code, a person may recover damages caused by a person who maliciously instigated criminal charges to be filed against him. *Parés v. Ruiz,* 19 D.P.R. 342, 346 (1913). Balancing the interest of not harming a person's reputation without cause, there exists the social interest of promoting the citizenship's cooperation of informing authorities about the commission of potential crimes. *See Jiménez v. Sánchez,* 60 D.P.R. 417, 420 (1942). Therefore, the Supreme Court of Puerto Rico has established as elements for a malicious prosecution cause of action that a defendant must incur in a "malicious imputation done in bad faith and without reasonable basis. An affirmation [that a crime was committed] which arises from a reasonable belief does not convey responsibility." *See Raldiris v. Levitt & Sons of P.R., Inc.,* 103 D.P.R. 778, 781 (1975).

---

5. Every traveller who has stayed in any kind of hotel in any civilized country has read behind the door to his room innkeepers' rights warnings advising of what may happen to someone like Vyas. The Supreme Court of Puerto Rico decided a case in 1961 that illustrates intense public policy considerations regarding innkeepers' laws and criminal laws, making it a crime

In the instant case, plaintiff did not honor his payments since February 1984. The hotel management did not cut off Vyas' privilege of charging his hotel expenses because they had basis to expect payment. It was not until plaintiff failed to satisfy the hotel's multiple demands for payment and seemed to have turned hard to reach, that they had to recur to the police to inform about the situation. They had no reason to believe that the reported activity was not protected by the innkeepers' law, 10 L.P.R.A. sec. 716. An examination of such provision, seen in light of the facts of this case, definitely establishes that defendant's employees were not unreasonable in informing the police of a potential 10 L.P.R.A. sec. 716 violation.[5] The complaint is DISMISSED.

Accordingly, the arguments as to *in personam* jurisdiction and lack of jurisdictional amount need not be reached.

IT IS SO ORDERED.

---

not to pay meals or lodging. The case of *Garcia v. Galiñanes Hnos., Inc.,* 83 P.R.R. 307 (1961), is on point. In *Garcia,* the offender paid by check. The defendant refused to accept anything but legal tender. The patron ended up in jail and the Supreme Court refused to recognize a cause of action for malicious prosecution.