# 2002 DTA 111

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGÜEZ
PANEL I**

BRENDA RODRIGUEZ APONTE
Apelante

v.

ENID IRIZARRY CANCEL
Apelada

Núm. KLAN-02-00248

San Juan, Puerto Rico, a 18 de junio de 2002

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Córdova Arone, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Acude ante nos Brenda Rodríguez Aponte mediante un recurso de apelación, en el que solicita la revocación de una sentencia desestimatoria emitida el 30 de enero de 2002 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (Hon. Winston Laboy Milán, J.). Mediante ésta, dicho foro dispuso de una acción de daños y perjuicios por persecución maliciosa incoada por la aquí apelante, imponiendo a ésta el pago de costas. Luego de atender detenida y cuidadosamente la comparecencia de las partes, así como el derecho aplicable, concluimos que el tribunal inferior actuó incorrectamente, por lo que procede revocar la sentencia recurrida.

**I**

El 26 de septiembre de 2001, Brenda Rodríguez Aponte instó un pleito por daños y perjuicios por persecución maliciosa contra Enid Cancel Irizarry. En síntesis, alegó que ésta, con el único propósito de ocasionarle daños y consciente de la carencia de méritos del reclamo, inició un procedimiento criminal en su contra, el cual culminó con una decisión favorable a la demandante.

Posteriormente, la Sra. Cancel Irizarry *sin someterse a la jurisdicción del tribunal* solicitó la desestimación de la acción instada en su contra. En apoyo de tal petición, arguyó tanto la inexistencia de causa de acción como falta de jurisdicción sobre su persona. En cuanto al primer fundamento, indicó:

*"...En este caso no se tipifica el elemento de malicia, el cual es necesario para que prospere este tipo de acción. La demandada solamente, en una ocasión, denunció la conducta delictiva de la demandante obteniendo una determinación de causa probable de Regla 6, supra, lo cual decididamente derrota el elemento de malicia necesaria en esta acción. Fonseca v. Oyola, 77 D.P.R. 525, 528 (1954). Apéndice del Recurso, pág. 4."*

Además, alegó que no había sido emplazado según lo requiere el ordenamiento procesal. La solicitud fue acompañada con copia de un cheque expedido por la demandante Rodríguez Aponte, así como con un informe del Banco Santander que certificaba que el referido cheque carecía de fondos.

Oportunamente, la parte demandante se opuso a la desestimación solicitada. Alegó que la demandada Cancel Irizarry, aun cuando sabía no tener derecho a reclamar el importe del cheque, intentó cambiarlo y presentó una denuncia en su contra. En su escrito, específicamente alegó:

*"El 27 de diciembre de 1999, el matrimonio de David Pérez Cruz y Brenda Rodriguez [sic], suscribieron un contrato de opción de compra donde se comprometieron a comprarle al matrimonio Miguel A. Tirado y Maria [sic] Vélez Freytes, una propiedad dedicada a vivienda por el precio de $375,000.00.*

*El contrato fue preparado, y se otorgó por mediación de la demandada, quien es corredora de bienes raíces y tenía la propiedad para la venta.*

*Como parte del contrato, se le requirió a David y Brenda que le entregaran a la corredora $10,00.00 en calidad de depósito y como pronto pago que se abonaría al precio total de compraventa. La demandante expidió el cheque 220 por $10,000 con fecha de 27-12-99 a nombre de Enid Cancel Realty que es el nombre comercial de la demandada. En relación con la suma entregada, la cláusula tercera del contrato establecía que debía ser depositada en la "Escrow Account" o cuenta de plica o de reserva de la demandada en el Banco Santander. La cláusula cuarta establecía que si la compra no se realizaba en o antes de la fecha estipulada por algún motivo atribuible al comprador, este [sic] los perdería, excepto que un banco los descualifique o se agoten los recursos para obtener el financiamiento. La cláusula segunda establecía un término de 60 dias [sic] a partir del otorgamiento para efectuarse la venta.*

*Luego de expirado el término de sesenta (60) dias [sic] (4-2-00), la demandada depositó el cheque al enterarse de que los opcionistas no habían conseguido el financiamiento. Al no poder conseguir el financiamiento, los opcionistas retiraron el dinero de la cuenta, por lo que cuando el cheque fue depositado, no tenia [sic] fondos disponibles. Cuando el cheque fue puesto al cobro habían transcurrido 115 días de su expedición y el contrato de opción había expirado.*

*El 25 de abril de 2000, la demandada le envió una carta a David Pérez y Brenda Rodríguez, notificándole que el cheque fue devuelto por el banco por falta de fondos y les concedía cinco dias [sic] para "reemplazar por un cheque certificado". Luego, la demandada se querelló a la policía de Lajas y a la Fiscalía de Mayagüez, exigiéndo [sic] acción inmediata alegando que los opcionistas se iban a ausentar de Puerto Rico.*

*A insistencias y con la intervención directa de la demandante, la Policía de Lajas, incluyendo oficiales, visitaron la residencia de la demandante con la intención de citarla para comparecer al Tribunal Municipal de Lajas. Tras varios intentos de citarla para el Tribunal de Lajas, la demandada logró que se expidiera una citación oficial para comparecer al Tribunal Municipal a un juicio por infracción al Art. 264 del Código Penal. Por su incomparecencia a esa citación, el 5 de mayo de 2000, la Hon. Margarita Medina ordenó su arresto por desacato criminal y le fijó una fianza de $10,000.00 en efectivo y se le citó para el 09 de mayo de 2000. Fue arrestada el 10 de mayo de 2000, a las 11:00 AM. Estuvo arrestada hasta las 3:00 PM aproximadamente, cuando la Hon. Sylvia Caraballo, Juez Municipal de San Germán, aceptó un depósito de $1,000.00 quedando todo en suspenso hasta que el 03 de noviembre de 2000, un Alguacil de Cayey la citó para que compareciera al tribunal de Lajas, en relación con la Fianza prestada. Fue citada para comparecer el 10 de noviembre de 2000.*

*La demandante compareció con su hijo de meses de nacido y el suscribiente como su representante legal. Para su sorpresa se encontró que en el tribunal estaba la demandada. Allí, la Juez Margarita Medina procedió a celebrar vista por desacato y la encontró culpable imponiéndole $500.00 de multa, la que debía pagar en un término de 10 minutos. Acto seguido, celebró una vista para determinar causa por infracción al Art. 264 del Código Penal y luego de oir [sic] el testimonio de la demandada, encontró causa contra la demandante y le impuso como condición para no imponerle fianza, que se reportara todos los viernes a la Oficina de los Alguaciles del Tribunal de Primera Instancia de Cayey.*

*La demandante le manifestó su inconformidad con la sentencia por desacato y que se proponía apelar; el Tribunal le manifestó que tenía que prestar fianza de $10,000 en efectivo o tenía que pagar la multa, de lo contrario iba a ordenar su ingreso en la cárcel. Ante esa difícil situación, la demandante pagó la multa y apeló al Tribunal de Circuito de Apelaciones la sentencia por desacato.*

*El juicio para el caso sobre Inf. al Art. 264 del CP, fue señalado para el 12 de diciembre de 2000. En esa fecha fue suspendido a petición del Fiscal y luego de varias suspensiones a petición del Fiscal, se celebró el juicio el 21 de diciembre de 2000, y luego de oir [sic] el testimonio de la demandada, la Hon. Ivelisse Zapata la declaró no culpable.*

*Por otro lado, el Tribunal de Circuito de Apelaciones, mediante sentencia dictada el 31 de agosto de 2001, revocó la sentencia por desacato criminal.*

*Los hechos expuestos hacen surgir una causa de acción por persecución maliciosa a favor de la demandante contra la demandada, por lo que radicó una demanda reclamando daños y perjuicios. La demandada fue debidamente emplazada por el emplazador Samuel Collado, el 10 de octubre de 2001, a las 4:54 PM, cuando le entregó personalmente copia de la demanda y el emplazamiento. Apéndice del Recurso, págs. 9-10."*

Así las cosas, se emitió el dictamen apelado. El tribunal concluyó que no existía causa de acción. Señaló que en el caso no se daban los elementos necesarios para la causa de acción, específicamente la *"malicia"* y la *"ausencia de causa probable"*.

Inconforme, acude ante nos la Sra. Rodríguez Aponte mediante la oportuna interposición del presente recurso. Sostiene que el foro inferior incidió al desestimar la causa de acción por ella incoada. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

Ante una solicitud de desestimación, la demanda deberá ser interpretada de la forma más liberal posible a favor de la parte demandante. Los tribunales debemos dar por ciertas y buenas todas las alegaciones fácticas presentadas en la demanda. Así, para que prevalezca una petición de desestimación, su promovente deberá establecer, que aun aceptando como ciertos todos los hechos alegados en la demanda, la misma no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 D.P.R. 497, 505 (1994); *Candal v. City Radiology Office, Inc.,* 112 D.P.R. 227, 230-231 (1982). Es norma reiterada que: *"... la moción para desestimar no ha de considerarse sólo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio, cualquiera que éste sea. En vista de ello... una demanda no debe ser desestimada..., a menos que ser desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de la reclamación... Reyes v. Sucn. Sánchez Soto, 98 D.P.R. 305, 309 (1970)."*

De otra parte y como es sabido, nuestro sistema democrático presupone y requiere el ejercicio responsable -no abusivo- de los derechos. *Aponte Martínez v. Lugo,* 100 D.P.R. 282, 290 (1971). Por ello, el derecho de acceso a los tribunales supone que los procedimientos y las acciones ante éstos sean instados de buena fe. *People of State of Colo. v. Carter,* 678 F. Supp. 1484 (1986). El ejercicio de este derecho constitucional no ampara el inicio de acciones frívolas, abusivas o maliciosas. *Dept. v. Fleming,* 726 F. Supp. 1216 (1989). Contra este tipo de acciones, el ordenamiento jurídico reconoce mecanismos para sancionar a la parte promovente y/o resarcir a la parte afectada por las mismas. Entre tales mecanismos se encuentra la acción de daños y perjuicios por persecución maliciosa.

La Doctrina define persecución maliciosa como *"la institución maliciosa y sin causa probable de un proceso penal contra una persona, que produce daños a ésta."* H. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico,* 1986, San Juan, **Publicaciones JTS**, pág. 109. Como surge de la definición anterior, en nuestra jurisdicción, se reconoce una causa de acción por daños y perjuicios sufridos a consecuencia de una acción criminal maliciosamente instada. ■

Para que un pleito de daños por persecución maliciosa prospere, el demandante deberá establecer: (1) que el demandado haya comenzado o continuado un proceso criminal; (2) que dicha causa criminal se hubiera instado en ausencia de causa probable y con malicia; (3) que haya terminado favorablemente al antes acusado ahora demandante; y (4) que éste sufrió daños y perjuicios a consecuencia de ello. *Ocasio v. Alcalde del Mun. de Maunabo,* 121 D.P.R. 37, 59 (1988); *Raldiris v. Levitt & Sons of P.R., Inc.,* 103 D.P.R. 778, 781 (1975); *Fonseca v. Oyola,* 77 D.P.R. 525, 528 (1954); *Parés v. Ruiz,* 19 D.P.R. 342, 346 (1913); *Lora Rivera v. Drug Enforcement*

*Administration*, 800 F: Supp. 1049 (1992); *Harrington v. U.S.*, 748 F. Supp. 919, 933 (1990); *Rodríguez v. Clark Color Laboratories*, 731 F. Supp. 279, 284 (1990); y H. Brau del Toro, *supra*, págs. 110-112.

La jurisprudencia ha aclarado que, bajo esta causa de acción, *causa probable* es *"una sospecha fundada en circunstancias bastante poderosas para justificar la creencia que tiene una persona razonable de que la acusación es cierta y que dicha cuestión no depende de si se cometió el delito o no, sino en la creencia del denunciante en la verdad de la imputación hecha por él."* Raldiris v. Levitt & Sons of P.R., Inc., *supra*, citando a *Parés v. Ruiz, supra,* págs. 349-350. Corresponde, por tanto, al demandante *"...probar que el demandado no tenía una creencia honesta y razonable de la verdad de los hechos imputados ni de que éstos constituian delito."* H. Brau del Toro, *supra*, pág. 110. Por otra parte, también se ha señalado que en cuanto a la malicia, *"[e]l demandante tiene que probar que el demandado instó el proceso penal por motivos aviesos, perversos o impropios, y no con el objeto de traer a la justicia a una persona culpable."* Id., pág. 111. Tanto la *malicia* como la *causa probable* son elementos subjetivos.

Atendidas las circunstancias particulares del caso de autos a la luz de la normativa antes expuesta, resulta evidente que el foro inferior actuó incorrectamente al desestimar la acción por persecución maliciosa. Al así dictaminar, el tribunal concluyó que no estaban presentes dos de los elementos requeridos por la causa de acción, a saber, malicia y ausencia de causa probable. Al respecto, el tribunal *a quo* expresó:

*"Luego de estudiados los autos del caso y aquilatada la prueba documental, presentada por las partes, este Tribunal dicta Sentencia declarando CON LUGAR la Moción de Desestimación radicada por la parte demandada y en consecuencia se desestima la demanda presentada por la parte demandante con imposición de las costas del proceso.*

*Se fundamenta la siguiente Sentencia en los siguientes hechos:*

*1. En virtud de lo resuelto en el caso Giménez Alvarez v. Silén Maldonado, 131 D.P.R. 91, 99 (1992), y por las circunstancias particulares de este caso, la comunicación a la que hace referencia la demandante es una privilegiada y por tanto protegida, por lo que quien hace la declaración, posee inmunidad.*

*2. En virtud de lo resuelto en López Tord & Zayas v. Molina, 38 D.P.R. 823 (1928); Suárez v. Suárez, 47 D.P. R. 97 (1934); Villanueva v. Hernández Class, 128 D.P.R. 618 (1991), y la sección 4 de la Ley de Libelo y Calumnia, 32 L.P.R.A. sec. 3144, se ha determinado que una petición hecha a un Tribunal, al se4r [sic] una comunicación privilegiada, no puede ser considerada como maliciosa.*

*3. Debido a la determinación de causa probable en Regla 6 de las de Procedimiento Criminal por Tribunal Competente y la falta del elemento de malicia, no se cumplen los requisitos esbozados en una acción de Daños y Perjuicios por Persecución Maliciosa según lo determina el caso, Fonseca v. Oyola, 77 D.P.R. 525, 528 (1954).*

*4. Por los fundamentos que anteceden, se determina la inexistencia de causa de acción, se determina que esta demanda es una frívola y se impone a la parte demandante las costas del proceso."* Apéndice del Recurso, págs. 13-14.

Los fundamentos invocados por el foro inferior son incorrectos e inaplicables al presente caso y, por tanto, no procede desestimar la acción incoada en virtud de los mismos. En el presente caso se alegó que la apelada Cancel Irizarry, con el único propósito de ocasionarle daño y consciente de la falta de fundamentos de su reclamo, instó un procedimiento criminal en su contra. Es decir, sostuvo que la apelada incurrió en un *"patrón de conducta"*: el acto de promover maliciosamente y sin fundamento una causa criminal contra ella. La demanda por daños incoada, por tanto, no se fundamenta en ninguna expresión o manifestación aislada de la apelada. De hecho, en la demanda, contrario a lo expresado por el tribunal inferior, no se hace referencia a expresión alguna efectuada por

la apelada. La apelante Rodríguez Aponte no incoó una acción por libelo o calumnia, por lo que no son de aplicación las razones expuestas en el fundamento primero y segundo, dado que nada importan las expresiones realizadas por la apelada en el curso de la investigación criminal. Lo determinante en este caso es establecer si existían circunstancias suficientemente poderosas para que la apelante razonablemente creyera que su acusación era cierta, y si su móvil al iniciar la acción criminal fue llevar ante la justicia a una persona que entendía cometió un delito o, por el contrario, su intención exclusivamente fue ocasionarle daños a una persona inocente. Asimismo, es incorrecto el tercer fundamento aducido. En *Fonseca v. Oyola, supra,* **no** se hizo expresión alguna y tampoco se resolvió que la determinación de causa para arresto a tenor con la Regla 6 de Procedimiento Criminal es suficiente para establecer que existía *"causa probable"*, según lo define la doctrina de daños, para instar la acción por persecución maliciosa.

De otra parte, luego de considerar la demanda, estamos convencidos que **de presentar prueba que sustente las alegaciones**, la apelante sería merecedora de un remedio por los daños que le fueron ocasionados. Dicho de otra forma, la demanda tal cual está redactada expone una reclamación que justifica la concesión de un remedio. Ante tales circunstancias, resulta evidente que el foro sentenciador incidió al desestimar la causa de acción incoada.

### III

Por los fundamentos previamente expuestos, se revoca la sentencia desestimatoria emitida el 30 de enero de 2002 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2002 DTA 111**

**1.** En el Derecho puertorriqueño, como norma general, el uso indebido de los procedimientos civiles se sanciona con la imposición del pago de costas y honorarios de abogados. *Giménez Alvarez v. Silén Maldonado,* 131 D.P.R. 91, 96-97 (1992); *Pereira v. Hernández,* 83 D.P.R. 160, 164-165 (1961). No obstante, a manera de excepción, se reconoce la procedencia de una acción por los daños y perjuicios ocasionados como consecuencia de procedimientos de naturaleza civil, en aquellas situaciones en que los hechos del caso revelan que la presentación o instigación de tales procedimientos constituyen parte de un patrón de acoso al demandante. *Giménez Alvarez v. Silén Maldonado, supra,* pág. 96.