Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RICARDO R. HATTON RENTAS<br><br>Recurrido<br><br>v.<br><br>BLANCA L. SÁEZ ORTIZ; DIEGO RAUE; JENNICE DURÁN ROSADO; MARÍA VELÁZQUEZ; MALU MUÑIZ NIEVES; FISCAL GINNY M. ANDREU ROSARIO; DEPARTAMENTO DE JUSTICIA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO; AGENTE IZAAC P. RIVERA GALARZA<br><br>**GOBIERNO DE PUERTO RICO**<br><br>Peticionario | KLCE202400518 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: GB2023CV00049 (701)<br><br>Sobre: Persecución Maliciosa y Difamación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2024.

En un caso de daños y perjuicios relacionado con el procesamiento penal del demandante, el Tribunal de Primera Instancia ("TPI") denegó una moción de desestimación por las alegaciones presentada por el Estado Libre Asociado de Puerto Rico ("ELA"). Como explicaremos en mayor detalle a continuación, por el Estado no responder por conducta constitutiva de persecución maliciosa o difamación, procede la desestimación de la acción civil de referencia en cuanto al ELA se refiere.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202300194, KLCE202300627, KLCE202301007, KLCE202400359).

I.

El Sr. Ricardo R. Hatton Rentas (el "Demandante") presentó la acción de referencia, sobre *persecución maliciosa y difamación*, en contra, en lo pertinente, de varios individuos privados, una fiscal, un agente de la Policía de Puerto Rico, y el ELA.

Luego de enmendada, se alegó en la acción (la "Demanda") que una co-demandada había presentado "una querella que culminó en la presentación de cargos criminales al amparo de la Ley 54 de violencia doméstica contra el demandante". Se alegó que, en la vista preliminar, no se determinó causa y que, de forma similar, luego de una vista preliminar en alzada, tampoco se encontró causa.

Se alegó que el Ministerio Público no había producido, durante el proceso penal, prueba que sustentara lo que sus representantes habían "aseverado en varias entrevistas de medios de comunicación masiva". El Demandante alegó que la fiscal demandada le había admitido que el caso "no tenía los méritos", pero que la querellante era "amig[a] de una fiscal de arriba y estaba fuera de sus manos".

Se alegó, además, que una de las demandadas había ofrecido "información falsa a las autoridades con el propósito de lograr la radicación de cargos criminales contra el demandante". También se afirmó que la fiscal demandada, luego de la vista preliminar en alzada, había hecho declaraciones falsas a los "medios de comunicación" sobre lo transcurrido en la vista.

En fin, se alegó que la referida fiscal, "intencional, maliciosa y con la intención de humillar y desacreditar al [Demandante], promovió un procedimiento criminal contra este mediante la presentación de un testimonio mendaz y la fabricación de evidencia que nunca fue autenticada".

En noviembre de 2023, el ELA solicitó la desestimación de la Demanda (la "Moción"). Arguyó que, de conformidad con la Ley 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077 y ss. (la "Ley 104"), el ELA no responde cuando se reclama por un acto u omisión de un funcionario suyo "en el desempeño de una función de carácter discrecional", ni cuando el acto u omisión constituye "persecución maliciosa, calumnia, libelo [o] difamación". El Demandante se opuso a la Moción.

Mediante una Resolución notificada el 15 de marzo de 2024 (la "Resolución"), el TPI denegó la Moción. Razonó que, en esta etapa del litigio, no era posible determinar si las acciones de la fiscal demandada serían "actos intencionales", por los cuales el ELA no respondería, o si sus actos habrían sido simplemente negligentes, por los cuales el TPI entendió que el ELA podría responder.

El 30 de marzo, el ELA solicitó reconsideración, lo cual fue denegado por el TPI mediante una Resolución notificada el 11 de abril.

Inconforme, el 13 de mayo (lunes), el ELA presentó el recurso que nos ocupa. Resaltó que en la Demanda se reclama, en esencia, por persecución maliciosa y difamación y que, independientemente de si se entendiesen negligentes o intencionales los actos de sus funcionarios, de todas maneras, por disposición estatutoria, el ELA no respondería por dichas causas de acción.

Ordenamos al Demandante mostrar causa por la cual no debía revocarse la Resolución. El Demandante compareció; adoptó la teoría del TPI a los efectos de que la Demanda contiene "alegaciones de negligencia" contra funcionarios del ELA que son "independientes de las causas de acción por persecución maliciosa y/o difamación". Resolvemos.

II.

Es norma trillada que se puede demandar al ELA por los "daños y perjuicios causados por actuaciones culposas de sus agentes o empleados en el descargo de sus funciones oficiales", así como al agente o funcionario directamente. *De Paz Lisk v. Aponte*, 124 DPR 472, 492 (1989); *García v. E.L.A.*, 163 DPR 800 (2005). No obstante, el ELA no responde por actuaciones intencionales de sus agentes; tampoco responde por conducta constitutiva de persecución maliciosa, difamación, libelo o calumnia.

En efecto, el artículo 6(d) de la Ley 104 expresamente dispone que el ELA no será responsable por actos u omisiones, de uno de sus funcionarios o empleados, "constitutivos de acometimiento, agresión u otro delito contra la persona, encarcelación ilegal, arresto ilegal, persecución maliciosa, calumnia, libelo [o] difamación ...". 32 LPRA sec. 3081(d).

Es decir, la Ley 104 no contempla la imposición de responsabilidad al ELA por actos intencionales o por actos que pudiesen constituir persecución maliciosa o difamación. Art. 6(d) de la Ley de Pleitos, *supra*.

Así pues, cuando los daños alegados son causados por "malicia" o "intención criminal", el ELA no responde. *Leyva v. Aristud*, 132 DPR 489, 510-11 (1993); *Alberio Quiñones v. ELA*, 90 DPR 812, 816 (1964); *Meléndez v. ELA*, 81 DPR 824, 827-28 (1960) (ELA mantiene inmunidad en cuanto a "actos torticeros cometidos deliberada o intencionalmente"); *Ortiz v. ELA*, 158 DPR 62, 75 (2002) (bajo el citado art. 6(d), ELA no responde por actos "intencionales", producto de un "arresto ilegal").

III.

Concluimos que erró el TPI al denegar la Moción. Aun si se probase todo lo alegado en la Demanda, como cuestión de materia sustantiva de doctrina de daños y perjuicios, las únicas causas de

acción viables que contiene la Demanda son sobre persecución maliciosa y difamación.

No obstante, la Ley 104 expresamente impide que se reclame por dichos conceptos contra el ELA. Véase, por ejemplo, *García*, 163 DPR a la pág. 810 ("Siendo la malicia un elemento esencial de la persecución maliciosa, en nuestro ordenamiento se le cataloga como una acción en daños y perjuicios causados por conducta torticera intencional bajo el Art. 1802 del Código Civil").

Adviértase que, por razones de política pública, realmente no existe una causa de acción por "negligencia" en el procesamiento penal de una persona. En vez, es "preciso que medie una imputación maliciosa, hecha de mala fe y sin fundamento razonable"; de "otra forma, se estaría obstaculizando el procedimiento de investigación de las autoridades competentes dirigido al esclarecimiento de los hechos a los fines de exigir la responsabilidad que corresponda". *Toro Rivera v. ELA*, 194 DPR 393, 409 (2015) (citas internas omitidas).

En efecto, desde hace décadas, y por poderosas razones de política pública, se ha reconocido, tanto en el *common law*, como en nuestra jurisdicción, que una acción por persecución maliciosa procede cuando el demandado actúa "maliciosamente"; es necesario que: (1) el demandado instituya o instigue una acción penal activa y maliciosamente, (2) sin causa probable, (3) que el proceso penal concluya de forma favorable al demandante y (4) que se hayan sufrido daños como consecuencia. *Toro Rivera, supra* (citando *Parrilla v. Ranger American of PR*, 133 DPR 263 (1993); *Raldiris v. Levitt and Sons of PR, Inc.*, 103 DPR 778 (1975); *Parés v. Ruiz*, 19 DPR 342 (1913); y H.M. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. JTS Inc., 1986, Vol. I, pág. 110).

Específicamente, se ha explicado la razón de ser de la referida norma de la siguiente forma:

> [T]he accuser must be given a large degree of freedom to make mistakes and misjudgments without being subjected to liability. ... The individual interest in freedom from unjustifiable litigation and the social interest in supporting resort to law have traditionally been balanced by the requirement that the plaintiff must prove four elements to establish a malicious prosecution action ...

Prosser and Keeton, The Law of Torts, 5ta. ed., Minnesota, Ed. West Publishing Co., 1984, pág. 871. Otra forma de exponer la política pública involucrada y los intereses envueltos es la siguiente:

> It is highly desirable that those reasonably suspected of crime be subjected to the process of the criminal law for the protection of society. It is necessary that the citizen be accorded immunity for bona fide efforts to bring antisocial members of society to the bar of justice. Again, it is necessary that an individual be free to protect personal rights by resort to the courts without the threat of a countersuit for damages in the event the suit is unsuccessful. All the restrictions resulting from these various interests and principles of social policy are reflected in the usual formula for the tort of malicious prosecution. The plaintiff must show (a)... (b)... and (c) that the proceedings were instituted by the defendant without probable cause and from malicious motives.

Harper, James and Gray, The Law of Torts, 3ra. ed., New York, Aspen Publishers, 2006, Vol. 1, pág. 458. Al respecto, otros tratadistas explican la política pública subyacente así:

> The policy of limiting liability of those involved in legal processes is expressed in two major ways. First, courts protect many actors in the legal process by recognizing privileges or immunities. Second, courts require the plaintiff who asserts harm resulting from litigation to prove a series of difficult elements to make out a prima facie case....

Dobbs, Hayden and Bublick, The Law of Torts, 2da. ed., Ed. West, 2011, Vol. 3, pág. 386. Naturalmente, si una acción por persecución maliciosa no es viable contra una persona privada en ausencia de los referidos elementos, por las mencionadas razones

de política pública, dicha acción tampoco es viable en las mismas circunstancias cuando es el Estado el demandado.

En fin, la norma es que siempre es necesario conducta intencional, maliciosa, o de mala fe, para configurar una causa de acción por persecución maliciosa, como la alegada en la Demanda. Por tanto, sería impertinente, como cuestión de derecho, que se hubiesen formulado alegaciones de negligencia en contra de agentes del ELA, o que la Demandante pudiese probar las mismas en un juicio. Según expuesto, esta negligencia no sería suficiente para establecer una causa de acción sustantiva por persecución maliciosa. Tampoco podría el ELA responder por actuaciones de sus funcionarios que pudiese concluirse constituyeron difamación.

En fin, por virtud de lo establecido en la Ley 104, el ELA no podría responder por las únicas causas de acción viables a la luz de los hechos alegados en la Demanda (persecución maliciosa y difamación). Contrario a lo que arguye el Demandante, no existen hechos alegados en la Demanda que pudiesen constituir una causa de acción independiente o distinta a la de persecución maliciosa o difamación.

IV.

Por los fundamentos antes expuestos, se expide el auto solicitado, se revoca la decisión recurrida en tanto es incompatible con lo aquí resuelto y se ordena, por tanto, la desestimación de todas las reclamaciones en cuanto al Estado Libre Asociado. Se devuelve el caso para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones